JERRY L. JENKINS *v.* MARY R. JENKINS
(SC 15671)

Borden, Berdon, Norcott, Katz and McDonald, Js.

---

[5] See, e.g., *Gionfrido* v. *Wharf Realty, Inc.*, supra, 193 Conn. 34 n.6.

[6] See footnote 1 of this dissent.

Argued December 3, 1997—officially released January 27, 1998

*Claudine Siegel*, with whom were *Terrence R. Real* and, on the brief, *Garrett H. Tuller*, for the appellant (defendant).

*Philip K. Meister*, for the appellee (plaintiff).

*Opinion*

KATZ, J. The sole issue to be decided in this appeal is whether dependency benefits received pursuant to the Social Security Act[1] by the minor children of the

---

[1] The Social Security Act is codified at 42 U.S.C. § 301 et seq., and is administered by the Social Security Administration.

disabled plaintiff, Jerry L. Jenkins, that are credited toward the amount of the plaintiff's child support obligation should also be included in his gross income when determining that obligation under the Child Support and Arrearage Guidelines (guidelines).[2] The trial court, in ruling on the plaintiff's postjudgment motion for modification of child support, held that the dependency benefits paid directly to the minor children of the plaintiff on account of his disability were to be credited against the plaintiff's child support obligation, but were not to be included in his gross income for purposes of determining his child support obligation. The defendant appealed to the Appellate Court, claiming that the dependency benefits for which the plaintiff received a credit were improperly excluded from the plaintiff's gross income in determining his child support obligation. Pursuant to Practice Book § 4023 and General Statutes § 51-199 (c), we transferred the matter to this court. We reverse the judgment of the trial court.

The following facts are undisputed. The plaintiff and defendant were awarded joint legal custody of their two minor children when their marriage was dissolved in 1991. The defendant was awarded primary physical custody of the children, and the plaintiff was ordered to pay $267 per week in child support. Following the dissolution, the plaintiff became totally disabled, and began to receive both private longterm disability benefits and, pursuant to 42 U.S.C. § 401 et seq., social security disability benefits, together totaling $524.40 per week. The minor children also began to receive social

---

[2] The guidelines are set forth at § 46b-215a-1 et seq. of the Regulations of Connecticut State Agencies. The guidelines are promulgated by the commission for child support guidelines (commission), which was established by the legislature pursuant to General Statutes § 46b-215a. General Statutes § 46b-215b (a) provides that the guidelines are to be considered in all determinations of child support in the state, and creates a rebuttable presumption that the amount of support calculated through application of the guidelines is the amount of support to be ordered.

security disability dependent's benefits of $157.67 per week pursuant to 42 U.S.C. § 402 (d).

The parties disagreed as to how the dependency benefits paid directly to the children should be treated, and eventually reached a compromise agreement on March 7, 1994, which was ordered into effect by the trial court on that date. The order modified the amount of the plaintiff's child support obligation to $75 per week. Subsequently, the Social Security Administration notified the defendant that, because the plaintiff had remarried and his second wife had given birth to twins, the dependency benefits that the parties' two minor children receive would be reduced by one half, with the balance to be paid to the children of the plaintiff's second marriage. The plaintiff filed a motion for modification of child support requesting a credit against his child support obligation in the amount of the social security dependency benefits received directly by the children of his first marriage. The trial court granted the motion pursuant to § 46b-215a-2 of the Regulations of Connecticut State Agencies.[3] The court refused to order, however, as requested by the defendant, that the dependency benefits credited against the plaintiff's child support obligation be included in the plaintiff's gross income for purposes of determining the child support obligation under the guidelines. This appeal followed.

Resolution of the issue of whether the dependency benefits received by the plaintiff's minor children

[3] Section 46b-215a-2 of the Regulations of Connecticut State Agencies provides in relevant part: "(b) Determining the amount of support . . . .

"(6) Adjust for social security benefits

"Enter . . . in the noncustodial parent's column the weekly amount of any social security benefits payable under such parent's account on behalf of the subject child.

"(7) . . . The recommended support amount for each parent is determined by subtracting the adjustments for health insurance premiums and social security benefits from each parent's share of the total support obligation. . . ."

should be included in the plaintiff's gross income in determining the amount of his child support obligation requires interpretation of the statutory scheme that governs child support determinations in Connecticut, and, therefore, constitutes a question of law. *Charles* v. *Charles*, 243 Conn. 255, 258, 710 A.2d 650 (1997). In construing statutes, "[o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Internal quotation marks omitted.) *Conway* v. *Wilton*, 238 Conn. 653, 663, 680 A.2d 242 (1996). The standard of appellate review governing questions of law is that "where the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision . . . ." (Internal quotation marks omitted.) *Keeney* v. *Old Saybrook*, 237 Conn. 135, 143, 676 A.2d 795 (1996).

The plaintiff claims that dependency benefits paid directly to his children and credited against his child support obligation should not be included in his gross income for purposes of determining his child support obligation because: (1) gross income as defined by the guidelines does not specifically identify such benefits as an element of gross income and, therefore, should not be interpreted to include them; (2) dependency benefits are treated as income to the minor children by the federal and state income tax codes and, therefore, should not be treated as income to the noncustodial parent; and (3) inclusion of the dependency benefits in the plaintiff's income will cause a misallocation of

support among the plaintiff's two family units, an unfair and inequitable result.

Conversely, the defendant claims that although the guidelines broadly define gross income and expressly exclude other items, they do *not* expressly exclude dependency benefits and, consequently, those benefits must be included. Furthermore, the defendant contends, dependency benefits are paid to dependent children as a replacement for the parent's lost income, and, therefore, from an economic standpoint, are most appropriately characterized as income to the parent, rather than as income to the child. Finally, the defendant claims that excluding the benefits from the plaintiff's gross income when determining the child support obligation results in a failure to account for all of the income that would have been available to support the children if the family had remained intact. We agree with the defendant.

Neither the guidelines nor any other relevant statute or regulation explicitly states whether dependency benefits paid directly to minor children are to be treated as an element of the noncustodial parent's gross income. Section 46b-215a-1 (11) of the Regulations of Connecticut State Agencies defines gross income as "the average weekly income before deductions."[4] That section further identifies twelve specific elements of gross income

[4] Section 46b-215a-1 of the Regulations of Connecticut State Agencies provides in relevant part: "(11) 'Gross income' means the average weekly income before deductions.

"(A) Inclusions

"Gross income includes, but is not limited to:

"(i) salary and wages, including overtime

"(ii) commissions, bonuses, tips and perquisites

"(iii) rental income after deduction of reasonable and necessary expenses

"(iv) estate or trust income

"(v) royalties

"(vi) interest, dividends, and annuities

"(vii) social security (excluding Supplemental Security Income [SSI]), veterans, unemployment and workers' compensation, retirement, pension, and other benefits

and provides that "[g]ross income includes, but is not limited to" those items. Regs., Conn. State Agencies § 46b-215a-1 (11) (A). Finally, the definition of gross income expressly excludes the following two items: "(i) support received on behalf of a child who is living in the home of the parent whose income is being determined"; and "(ii) federal, state, and local public assistance grants." Regs., Conn. State Agencies § 46b-215a-1 (11) (B).

Although the definition of gross income contained in the guidelines does not list dependency benefits among the items specifically included, it does provide that the list is not exclusive. The trial court's conclusion that, under the rules of statutory construction, the inclusion of some means the exclusion of the other, is inapposite where the regulation expressly provides that its list of inclusions is not exhaustive. In addition, the fact that other items are expressly excluded further indicates that the list of specifically included items was not intended to be exclusive.

It is also significant that the list of specifically enumerated inclusions identifies "social security (excluding Supplemental Security Income [SSI])" as an item that is expressly included in gross income, with the

"(viii) net proceeds from contractual agreements

"(ix) self-employment earnings, after deduction of all legitimate business expenses

"(x) alimony being paid by an individual who is not a party to the support determination

"(xi) unearned income from all sources

"(xii) in-kind compensation (any basic maintenance or special need such as food, shelter, or transportation provided on a recurrent basis in lieu of salary).

"(B) Exclusions

"Gross income does not include:

"(i) support received on behalf of a child who is living in the home of the parent whose income is being determined

"(ii) federal, state, and local public assistance grants."

named exception. Regs., Conn. State Agencies § 46b-215a-1 (11) (A) (vii). In light of the inclusion of this provision, we conclude that if social security dependency benefits had been intended to be excluded from the definition of gross income, they would have been excluded within this same parenthetical. The fact that dependency benefits are not mentioned further supports the notion that the commission did not intend to exclude them.

The plaintiff points to the fact that when the guidelines were amended by the commission in 1994 in order to grant a credit to noncustodial parents for social security dependency benefits paid directly to their dependent children, the definition of gross income was not simultaneously amended expressly to identify those benefits as an element of gross income. The defendant, however, offers two plausible explanations for the commission's failure to so amend the guidelines. First, the defendant submits that the commission may have believed that the existing, broad definition of gross income was already sufficiently expansive to encompass dependency benefits. Second, the defendant submits that, because the commission simultaneously amended the definition of gross income expressly to include social security benefits with the exception of supplemental security income, it did make clear through such action that dependency benefits are an element of gross income. We find this latter explanation of the 1994 changes to the guidelines persuasive. If the commission were amending the guidelines in order to make clear that (1) a credit should be given for dependency benefits, and (2) social security benefits are an element of gross income, with the exception of supplemental security income, it would have explicitly excluded dependency benefits along with supplemental security income from the broad definition of gross

income that already existed if such a result had been intended.

In other jurisdictions that have addressed the question of whether dependency benefits are includible in a noncustodial parent's gross income, courts have noted that the benefits are analogous to income of the parent. Under the Social Security Act, employees and employers contribute to the common fund from which these types of benefits derive. See 42 U.S.C. § 301 et seq. Therefore, social security benefits are appropriately characterized as "earnings of the contributing parent . . . ." *Miller* v. *Miller*, 890 P.2d 574, 577 (Alaska 1995). "These payments are for the purpose of replacing income lost because of the employee's inability to work upon becoming disabled." *Horton* v. *Horton*, 219 Ga. 177, 178, 132 S.E.2d 200 (1963). The benefits "are not gratuities but are earned, and they substitute for lost earning power because of the disability." (Internal quotation marks omitted.) *Pontbriand* v. *Pontbriand*, 622 A.2d 482, 485 (R.I. 1993).

The characterization of dependency benefits as a substitute for the disabled party's lost income has been identified as the basis for allowing a credit to the noncustodial parent toward his or her child support obligation. "The majority view . . . regards social security benefits [paid to dependent children] as earnings of the contributing parent and, for this reason, allows benefits paid to a child on the parent's behalf to be credited toward child support obligations." *Miller* v. *Miller*, supra, 890 P.2d 577. The same reasoning has also provided the basis for the decision to include the benefits in the gross income of the noncustodial parent. "In deciding that the . . . benefits . . . should be credited as child support payments by [the noncustodial parent], we reasoned that those benefits are essentially earnings derived by [the noncustodial parent] from his past social security contributions. By parallel reasoning,

the benefits should be counted as income to [him]." Id., 578.

Moreover, the plaintiff enjoys the benefit of the credit against his child support obligation, and the credit enables him to retain more of his other income for himself. Such a release from an obligation or discharge from indebtedness is logically characterized as income. "The benefits . . . offset [the noncustodial parent's] incapacity to provide for his children through continued employment. [The noncustodial parent] enjoys a credit against his support obligation for the amount of those benefits. Thus, those benefits are, in effect, income to him and fall within the definition of his income under [the guidelines]." *Whitaker* v. *Colbert*, 18 Va. App. 202, 206, 442 S.E.2d 429 (1994).

Although the plaintiff relies on the fact that the state and federal tax codes treat the dependency benefits as income to the minor children who directly receive them[5] to support his claim that the benefits were not intended to be included in the noncustodial parent's gross income under the guidelines, neither the state nor federal tax code definition is controlling in this situation. Because the guidelines contain their own definition of gross income, it is that definition that is determinative. Certainly, the commission could have opted to adopt a definition identical to those adopted by either tax code had it so desired, but it chose instead to define gross income in its own terms. As we have previously discussed, the definition contained in the guidelines supports an interpretation that encompasses the benefits as an element of gross income.

Finally, the defendant contends that our overall statutory scheme governing child support requires that dependency benefits be included in gross income, because the failure to include them leads to a result

[5] See General Statutes § 12-701 (19) and 26 U.S.C. § 86.

that is inconsistent with the public policy embodied in our statutory framework. Specifically, the defendant claims that the exclusion of the benefits from the plaintiff's gross income when determining the child support obligation results in a failure to account for all of the income that would have been available to support the children had the family remained intact—a result opposite from that which was contemplated by our statutes. The plaintiff, on the other hand, maintains that under certain circumstances, such as those here, an inequitable result occurs when dependency benefits are included in the noncustodial parent's gross income because the inclusion leads to a misallocation of that parent's resources between his two families. We agree with the defendant.

The guidelines provide that the basic principles from which they were derived are found in the "income shares model" of calculation of child support. The income shares model is "predicated on the concept that the child should receive the same proportion of parental income as he or she would have received if the parents lived together." Child Support and Arrearage Guidelines, Preamble, § (c), p. ii. Therefore, in order to be in accord with the guidelines, the determination of a parent's child support obligation must account for all of the income that would have been available to support the children had the family remained together.

In this case, both the disability income received by the plaintiff and the dependency benefits received by the children would have been available to support the children if the family had remained intact. The failure to include these benefits in the plaintiff's gross income leads to a determination of child support based upon an income figure that does not accurately reflect the income available to the family unit. Contrary to the plaintiff's assertion that the inclusion of dependency benefits in gross income when applying the guidelines

would lead to an unfair and inequitable result, we conclude that it is the *failure* to include those benefits in gross income that would lead to an inequitable result, by failing to afford the minor children of the plaintiff's first marriage the amount of support contemplated by the guidelines. Consequently, the dependency benefits must be included in the plaintiff's gross income in order accurately to determine his child support obligation.[6]

For all of the reasons we have discussed, we hold that social security dependency benefits paid to the minor children of the plaintiff's first marriage and credited against his child support obligation must be included in the plaintiff's gross income for purposes of determining the amount of his child support obligation under the guidelines.

The judgment is reversed and the case is remanded for recalculation of the plaintiff's child support obligation.

In this opinion the other justices concurred.

---

[6] The plaintiff claims that if we determine that the social security dependency benefits received by the children of his first marriage that are credited against his child support obligation are includible in his gross income for purposes of determining child support, then any such benefits received by the children of his second marriage will also have to be included in his gross income when determining the amount of support to be paid to the children of his first marriage. Such a result, the plaintiff claims, would create a misallocation of resources among his two families. We do not read the defendant's appeal as requesting such relief in this case. Furthermore, as far as the record before us indicates, only the children of the plaintiff's first marriage are currently receiving social security dependency benefits, and, consequently, only that amount, $157.67, is being credited against the plaintiff's child support obligation. Therefore, we do not decide now whether social security dependency benefits that, in the future, may be paid to the children of the plaintiff's second marriage, but for which no credit would be provided under § 46b-215a-2 of the regulations, should also be included in the plaintiff's gross income.