[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has filed a motion to modify, dated March 5, 1997, and coded 169. The defendant has filed a motion for contempt, dated May 4, 1997, and coded 160.
The parties entered into a "stipulated facts," dated January 26, 1998, which the court approves of and enters findings in accordance with those stipulated facts.
Many of the issues raised by the parties in the stipulated facts were recently addressed in Jenkins v. Jenkins.243 Conn. 584 (January 27, 1998). The issue in Jenkins
was whether dependency benefits received by the obligor's minor children should be included in the obligor's gross income in determining the amount of his child support obligation. The court held that dependency benefits paid directly to minor children are to be treated as an element of the non-custodial parent's gross income. The Jenkins court further stated, in part, at pages 592, 593 and 595:
The characterization of dependency benefits as a substitute for the disabled party's lost income has been identified as the basis for allowing a credit to the noncustodial parent toward his CT Page 2325 or her child support obligation. The majority view . . . regards social security benefits [paid to dependent children] as earnings of the contributing parent and, for this reason, allows benefits paid to a child on the parent's behalf to be credited toward child support obligations. Miller v. Miller, supra, 890 P.2d 577. The same reasoning has also provided the basis for the decision to include the benefits in the gross income of the noncustodial parent. In deciding that the . . . benefits . . .should be credited as child support payments by [the noncustodial parent], we reasoned that those benefits are essentially earnings derived by [the noncustodial parent] from his past social security contributions. By parallel reasoning, the benefits should be counted as income to [him]. Id., 578.
Moreover, the plaintiff enjoys the benefit of the credit against his child support obligation, and the credit enables him to retain more of his other income for himself. Such a release from an obligation or discharge from indebtedness is logically characterized as income. The benefits . . . offset [the noncustodial parent's] incapacity to provide for his children through continued employment. [The noncustodial parent] enjoys a credit against his support obligation for the amount of those benefits. Thus, those benefits are, in effect, income to him and fall within the definition of his income under [the guidelines].Whitaker v. Colbert, 18 Va. App. 202, 206,442 S.E.2d 429(1994).
For all of the reasons we have discussed, we hold that social security dependency benefits paid to the minor children of the plaintiff's first marriage and credited against his child support obligation must be included in the plaintiff's gross income for purposes of determining the amount of his child support obligation under the guidelines. [Internal quotation marks omitted.]
The plaintiff stopped paying support November 30, 1996. He owes support for twelve months from November 30, 1996 to November 30, 1997, plus December, 1997 and January, 1998. The support order of $87.50 per week for each of the two minor children amounts to $175 per week. One hundred seventy-five ($175) dollars per week times fifty-two weeks divided by twelve months amounts to $758.33 monthly. The defendant has been receiving social security disability payments of $232 per month per child for a total of $464 per month since March, 1997. For the period of CT Page 2326 December 1, 1996 to March 1, 1997, there is an arrearage of $758.33 per month times three months or $2275. For the period of March 1, 1997 to January 31, 1998 (eleven months), the monthly payments that were due were $758 per month and the amount that was received from social security was $464 per month or a shortfall of $294 per month for eleven months for a total shortfall of $3234. The combined arrearage for the period of December 1, 1996 to March 1, 1997 ($2275) and for the period of March 1, 1997 to January 31, 1998 ($3234) amounts to $5509.
In applying the purposes of the guidelines to provide for uniform procedures and for establishing an adequate level of support for children, and to make awards more equitable by ensuring the consistent treatment of persons in similar circumstances, this court believes that the lump sum payment received by the defendant in March, 1997 of $14,200 should be used as a credit against the arrearage that accrued between November 1, 1996 and January 31, 1998, totaling $5509.
This court is aware of the fact that the motion to modify filed by the plaintiff was not served by a sheriff. This court, however, does not consider that applying the retroactive payment received by the defendant as representative for each child of $7100 is entering a retroactive order, but rather is simply applying to the obligation of the plaintiff a credit for the amount that has been paid to the defendant.
1. This court therefore concludes that the defendant's receipt of social security disability benefits, as representative for the children of the marriage, does not automatically extinguish or abate the plaintiff's obligation to pay child support.
2. The retroactive payment made to the defendant as representative of the children is applied as a credit against the arrearage due to the defendant for past due child support for the period prior to March of 1997 and since March of 1997.
3. The monthly social security payments received directly by the plaintiff, as well as the monthly social security payments received by the defendant on behalf of the minor children, are all counted as income to the plaintiff for the purpose of determining the plaintiff's child support guideline obligation.
4. The monthly payments of social security disability to the CT Page 2327 defendant as representative for the children are treated as a credit for the plaintiff's court ordered child support weekly obligation.
No contempt is found and no counsel fees are awarded.
Axelrod, J.