## NANCY SHEARN *v.* EUGENE J. SHEARN
### (AC 17732)

Lavery, Landau and Schaller, Js.

Submitted on briefs June 5—officially released September 1, 1998

*Martha E. H. Deegan* filed a brief for the appellant (plaintiff).

*Opinion*

LANDAU, J. This is an appeal from the judgment of the trial court granting the defendant's motion for modification of alimony and support.[1] The plaintiff

---

[1] Pursuant to Practice Book § 85-2, formerly § 4184B, this appeal was heard on the basis of plaintiff's brief only because the defendant did not file a brief.

claims that the trial court improperly (1) modified the judgment in that the court was not presented with sufficient evidence of a substantial change in circumstances warranting review of the alimony and support provisions of the decree of dissolution, (2) concluded that the value of an in-kind contribution of shelter furnished by the defendant's employer was not includable as income for the purposes of determining net income according to state child support guidelines and (3) exercised its discretion in a number of rulings.[2]

The record discloses the following facts and procedural history. A decree of dissolution dissolving the parties' marriage was rendered on October 2, 1991, in which the trial court awarded alimony to the plaintiff in the amount of $275 per week and child support in the amount of $325 per week for the two minor children of the marriage. In March, 1997, the defendant filed a motion to modify, claiming that there had been a substantial change in the parties' circumstances,[3] and the plaintiff filed a motion for contempt. A hearing was held on both motions on June 11, 1997. By way of a memorandum of decision, the trial court granted the motion to modify, but did not address the motion for contempt.[4]

---

[2] The plaintiff claims that the trial court improperly (1) found that the defendant's loss of employment was based on disability, (2) failed to find, as a material and relevant fact, that her home was in the process of being foreclosed, (3) failed to consider, as a material and relevant fact, that she would be unemployed within two weeks of the hearing, (4) failed to determine that her increase in earnings was mitigated or eliminated by the defendant's failure to pay child support and alimony obligations, (5) failed to find that the defendant's failure to meet his obligations was without justification so as to constitute contempt and (6) failed to consider the defendant's earning capacity in determining his child support and alimony obligations.

[3] In that motion, the defendant's request for modification concerned his child support obligations and visitation rights. In May, 1997, the defendant filed a revised motion to modify that added a request to modify or terminate his alimony obligation to the plaintiff.

[4] The plaintiff subsequently filed a motion to reargue, asking the court, inter alia, to rule on the motion for contempt. The trial court denied the

The trial court granted the motion to modify, finding that a substantial change of circumstances had occurred because the plaintiff's net disposable income had more than doubled and the defendant had sustained a back injury. The trial court ordered alimony to be reduced from $275 per week to one dollar per year and modified the child support from $325 per week to $138 per week.[5]

We turn to the law that guides our analysis of the plaintiff's claims. "A trial court is in an advantageous position to assess the personal factors so significant in domestic relations cases, and its orders in such cases will not be reversed unless its findings have no reasonable basis in fact or it has abused its discretion, or unless, in the exercise of such discretion, it applies the wrong standard of law. See *Borkowski* v. *Borkowski*, 228 Conn. 729, 739–40, 638 A.2d 1060 (1994); see also *Fahy* v. *Fahy*, 227 Conn. 505, 517, 630 A.2d 1328 (1993); *McGuinness* v. *McGuinness*, 185 Conn. 7, 13, 440 A.2d 804 (1981). [W]e do not review the evidence to determine whether a conclusion different from the one reached could have been reached. . . . *Meehan* v. *Meehan*, 40 Conn. App. 107, 110, 669 A.2d 616, cert. denied, 236 Conn. 915, 673 A.2d 1142 (1996).

"Trial courts have broad discretion in deciding motions for modification. *Noce* v. *Noce*, 181 Conn. 145, 149, 434 A.2d 345 (1980). Modification of alimony, after the date of a dissolution judgment, is governed by General Statutes § 46b-86. . . . *Borkowski* v. *Borkowski*, supra, 228 Conn. 734; *Denley* v. *Denley*, 38 Conn. App. 349, 350–51, 661 A.2d 628 (1995). When . . . the disputed issue is alimony, the applicable provision of the

motion to reargue in its entirety, and the plaintiff did not take any further steps with regard to the motion.

[5] The trial court also found an arrearage owed by the defendant for child support and alimony and, as a result, ordered him to pay $55 per week to the plaintiff.

statute is § 46b-86 (a), which provides that a final order for alimony [or child support] may be modified by the trial court upon a showing of a substantial change in the circumstances of either party. . . . *Borkowski* v. *Borkowski*, supra, 734. The party seeking modification bears the burden of showing the existence of a substantial change in the circumstances. *Jaser* v. *Jaser*, 37 Conn. App. 194, 204, 655 A.2d 790 (1995). The change may be in the circumstances of either party. . . . *McCann* v. *McCann*, 191 Conn. 447, 450, 464 A.2d 825 (1983); see General Statutes § 46b-86. The date of the most recent prior proceeding in which an alimony order was entered is the appropriate date to use in determining whether a significant change in circumstances warrants a modification of an alimony award. See *Avella* v. *Avella*, 39 Conn. App. 669, 672, 666 A.2d 822 (1995); see also *Borkowski* v. *Borkowski*, supra, 737–38.

"In general the same sorts of [criteria] are relevant in deciding whether the decree may be modified as are relevant in making the initial award of alimony. . . . More specifically, these criteria, outlined in General Statutes § 46b-82, require the court to consider the needs and financial resources of each of the parties . . . as well as such factors as the causes for the dissolution of the marriage and the age, health, station, occupation, employability and amount and sources of income of the parties. . . . *Borkowski* v. *Borkowski*, supra, 228 Conn. 736.

"When presented with a motion for modification, a court must first determine whether there has been a substantial change in the financial circumstances of one or both of the parties. Id., 737. Second, if the court finds a substantial change in circumstances, it may properly consider the motion and, on the basis of the § 46b-82 criteria, make an order for modification. Id. The court has the authority to issue a modification only if it conforms the order to the distinct and definite

changes in the circumstances of the parties. Id., 738. The inquiry, then, is limited to a comparison between the current conditions and the last court order. Id." (Internal quotation marks omitted.) *Crowley* v. *Crowley*, 46 Conn. App. 87, 90–92, 699 A.2d 1029 (1997).

I

Initially, the plaintiff argues that the trial court improperly modified the decree of dissolution in that the evidence presented did not permit the trial court to conclude that a substantial change of circumstances had occurred. The plaintiff states that the trial court found that the defendant "lost his job at Airborne Express, where he had been a driver, due to back injury. [That] court also found that the plaintiff . . . had more than doubled her income from the time of the dissolution of marriage. . . . The court stated that these two factors were enough to find that a substantial change of circumstances had occurred, warranting a review of the orders." The plaintiff asserts that the findings were based on erroneous factual predicates. The plaintiff's arguments lack merit.

In its memorandum of decision, the trial court stated that "[t]he plaintiff's net disposable income has more than doubled. The defendant sustained a back injury. *These facts* are sufficient to find that a substantial change of circumstances has occurred, warranting a review of the current orders." (Emphasis added.)

As to the first finding, the plaintiff points to that part of the defendant's testimony in which he admits that he was lying to his employer on a daily basis and that such deceit was the reason for his dismissal. There is no indication in the memorandum of decision, however, that the factual predicate for the finding of a substantial change in circumstance was the defendant's loss of his job rather than his back injury. The trial court merely found that "[t]he defendant sustained a back injury."

It did not find, as a basis for its conclusion that a substantial change of circumstances had occurred, that the plaintiff had lost his job because of a back injury. Her premise being faulty, the plaintiff's argument must fail.

The plaintiff cites *Sanchione* v. *Sanchione*, 173 Conn. 397, 407, 378 A.2d 522 (1977), in support of her additional argument that a modification of alimony is not warranted unless there has been a substantial change of circumstances not brought about by the defendant's own fault. It does not follow that by recognizing that the defendant has a permanent back injury in finding a substantial change of circumstances, the trial court modified the alimony because he lost his job due to that back injury. As we have stated, the trial court did not find that the defendant's loss of his job was the fact that warranted a modification based on a substantial change of circumstances. The trial court merely asserted that the defendant's back injury created a substantial change of circumstances. The plaintiff does not dispute the existence of the defendant's back injury and also does not claim that this injury was brought about by the defendant's own fault.

As to that part of the finding concerning the plaintiff's doubling of her disposable income, she points out that the trial court ignored her testimony that she was leaving the Stamford area within two weeks because her home was in foreclosure proceedings, that she was moving to Delaware to be close to her parents and because of educational opportunities that would become available to the parties' autistic son, and that as a result of the move, her job would terminate. The fact that the plaintiff's net disposable income had more than doubled is conceded. The plaintiff essentially argues that the trial court should also have found that she was about to be unemployed.

While that fact might be uncontroverted, the trial court is not bound to believe it. See *Walshon* v. *Walshon*,

42 Conn. App. 651, 654, 681 A.2d 376 (1996). "[T]he trial court, as trier of fact, determined who and what to believe and the weight to be accorded the evidence. The sifting and weighing of evidence is peculiarly the function of the trier. [N]othing in our law is more elementary than that the trier is the final judge of the credibility of witnesses and of the weight to be accorded to their testimony. . . . The trier is free to accept or reject, in whole or in part, the testimony offered by either party. . . . *Cook* v. *Bieluch*, 32 Conn. App. 537, 549–50, 629 A.2d 1175, cert. denied, 228 Conn. 910, 635 A.2d 1229 (1993)." (Internal quotation marks omitted.) *Baretta* v. *T & T Structural, Inc.*, 42 Conn. App. 522, 527, 681 A.2d 359 (1996). We have constantly held to the rule that we will not judge the credibility of witnesses or substitute our judgment for that of the trial court. We fail to see a reason why we should do so here.

## II

The plaintiff also argues that the trial court improperly ruled that the value of an in-kind contribution of an apartment by the defendant's employer was not includable as income for the purposes of determining net income under the state child support guidelines.

Additional facts are helpful in our analysis. At the time of the hearing, the defendant was employed as the superintendent of a senior citizens complex and was required to live on the premises.[6] The trial court concluded that "[s]ince the [Internal Revenue Service] does not treat such occupation of the apartment as income, this court will not assess the value of this housing as income."

---

[6] The defendant testified on cross-examination:

"Q. I noticed that your financial affidavit does not reflect the apartment that you receive at no cost. Could you explain for us why you have not listed that as in-kind compensation?

"A. Because I'm forced to live there as part of the job and it's not where I would live if I had a choice."

"The scope of our review of the trial court's exercise of its broad discretion in domestic relations cases is limited to a determination of whether the court's conclusions were correct on the law and reasonably reached on the evidence. *Rostain* v. *Rostain*, 214 Conn. 713, 716, 573 A.2d 710 (1990)." *Bonelli* v. *Bonelli*, 22 Conn. App. 248, 252, 576 A.2d 587 (1990).

According to the child support and arrearage guidelines issued pursuant to General Statutes § 46b-215b,[7] "[g]ross income includes, but is not limited to . . . in-kind compensation (any basic maintenance or special need such as food, shelter, or transportation provided on a recurrent basis in lieu of salary)." Regs., Conn. State Agencies § 46b-215a-1 (11) (A) (xii).

Here, the regulation, which provides for the inclusion of in-kind contributions, is unambiguous. Our Supreme Court has held that neither the federal nor our state tax code definition of gross income is controlling. *Jenkins* v. *Jenkins*, 243 Conn. 584, 593, 704 A.2d 231 (1998). The *Jenkins* court held that "[b]ecause the [child support and arrearage] guidelines contain their own definition of gross income, it is that definition that is determinative." Id. The trial court's exclusion of the defendant's in-kind compensation in the form of shelter in the computation of gross income because "the [Internal Revenue Service] does not treat such occupation of the apartment as income" is inconsistent with the clear legislative intent of the Connecticut child support guidelines. Regardless of the federal tax code, the trial court should have adhered to the guidelines and included the value of the defendant's apartment in arriving at its calculation of gross income.

---

[7] General Statutes § 46b-215b (a) provides in relevant part: "[A]ny updated guidelines issued pursuant to section 46b-215a shall be considered in all determinations of child support amounts . . . within the state." The guidelines are set forth at §§ 46b-215a-1 through 46b-215a-5 of the Regulations of Connecticut State Agencies.

This ruling severely impacts the trial court's judgment of modification. We understand that the trial court did not have the advantage of the Supreme Court's opinion in *Jenkins*. We conclude, however, on the basis of the law today, that the trial court's ruling must be set aside. The modification in this case affected alimony and child support. The symmetry and harmony of the modification are so disturbed that we reverse the judgment and order a new hearing.[8]

The judgment is reversed and the case is remanded for a new hearing.

In this opinion the other judges concurred.

---

[8] Because we reverse the judgment and remand the case for a new hearing, we need not reach the plaintiff's challenges to the factual findings of the trial court as specified in footnote 2.