[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The court determines that the allegations of the complaint have been proven.
 1. The plaintiff (whose maiden name was Eva M. Paoli) and the defendant intermarried on November 22, 1981 at Meriden, Connecticut.
 2. The plaintiff has resided continuously in this state one year next before the date of this Complaint.
 3. The marriage of the parties has broken down irretrievably and there is no reasonable prospect of reconciliation.
 4. The plaintiff and defendant have two minor children issue of their marriage, namely: Brandon Michael Priola, born May 25, 1982; and Keith Andrew Priola, born September 18, 1984.
 5. No other minor children have been born to the plaintiff wife since the date of the marriage of the parties.
 6. Neither the State of Connecticut nor any political subdivision thereof is contributing to the support of either of the parties or their minor children.
The court grants dissolution of the marriage on the grounds of irretrievable breakdown with no reasonable prospect of reconciliation.
The plaintiff wife is gainfully employed at an insurance agency, having a net weekly income of $263.50. The defendant husband receives a pension of $446.00 from the Teamsters. Additionally he receives Social Security disability payments of $277 per week. Also Social Security disability payments for the two children in the total amount of $135 per week. The net income of the husband from all of these sources is $821 per week.
The two children have their primary residence with the plaintiff wife at the family house and home at 321 Tolland Turnpike, Willington, Connecticut. The home is comfortable and well appointed. It is in the best interest of the children that they continue to reside at the family home with the plaintiff wife, and that they continue to attend school in Willington where any special educational needs of the children are being successfully met. CT Page 10236
Both the plaintiff and defendant are exemplary parents who, through their combined efforts, provide loving care for the children, whose educational, social and recreational needs are fully met through the combined efforts of the parents. The defendant husband is able to devote substantial time to the children, particularly as to their athletic and recreational activities, because he does not have a significant outside occupation, due to his disability status. Though unable to engage in gainful occupation at this time he does have the ability to physically assist the children in athletic activities, to take the children camping, and to participate with them in various activities.
The court determines that the plaintiff and defendant shall have joint custody of the minor children, with their primary residence to be with the plaintiff wife. The court determines that there is no need at this time to enter specific orders as to when each of the parents shall be with the children as the parties have proven quite capable of arriving at these determinations by mutual consent and agreement.
The defendant father is receiving Social Security disability benefits for the two children, in the total amount of approximately $135 per week. This amount is considered income to the defendant father for the purposes of the Connecticut Child Support Guidelines. Any question as to whether these amounts are to be attributed to the father as income has been resolved by our Supreme Court last year. See Jenkins v. Jenkins, 243 Conn. 584
(1998). These amounts must be included as his income for child support purposes.
Net income for the father for those child support purposes is $823, resulting in his child support obligations of $256 per week. See child support guidelines worksheet furnished to the court for these purposes.
The court hereby orders that the defendant father pay to the plaintiff mother the sum of $256 each week for the combined support of the two children, which obligation shall terminate entirely when the youngest of the children completes the twelfth grade or attains the age of nineteen, whichever first occurs (Connecticut General Statutes § 46b-84 (b)). When the older of the children completes the twelfth grade or attains the age of nineteen (whichever first occurs) child support shall be adjusted to an amount which is in accordance with the child support guidelines applicable at that time so as to then set child support for the youngest child. CT Page 10237
The court orders that the defendant husband forthwith quitclaim to the plaintiff wife his interest in the residential real estate known as and located at 321 Tolland Turnpike, Willington, Connecticut, the family home. The plaintiff shall forthwith execute and deliver to the defendant a mortgage note and mortgage deed in the amount of forty-five thousand dollars, without interest, due and payable on October 1, 2004. The plaintiff shall assume the payments on the existing mortgage(s) and shall indemnify and hold harmless the defendant from any claims, demands, or obligations arising out of the existing mortgage(s). the plaintiff shall assume and pay and hold harmless the defendant for any real estate taxes and municipal assessments incurred subsequent to the date of the this transfer by quitclaim deed.
Each party shall retain the personal property in their respective possession.
Each party shall pay the debts listed on their respective financial affidavits, and shall hold harmless and indemnify the other party as concerns liability for the irrespective obligations as herein assigned.
The husband shall have sole ownership and possession of the 1986 31 ft. Holiday Rambler Camp Trailer, and the 1996 G.M.C. Yukon Sports Utility motor vehicle. The husband shall, within 45 days of the date of this judgment, take such steps as are necessary to have the lender release the plaintiff from any and all obligations arising out of and in connection with the loan which is outstanding for the purchase of the 1996 Yukon motor vehicle, whether this be by an agreement with the lender, a copy of which agreement by the lender must be furnished in writing to the plaintiff, or, alternatively, by documentary proof that said loan has been paid in full.
The wife shall have exclusive use of the 1996 Mercury leased vehicle which lease is to expire shortly. The improving of her credit circumstances by virtue of being released from liability for the G.M.C. auto loan, as aforesaid, should enable her, at her sole expense, to obtain a substitute vehicle for transportation purposes at that time.
The parties shall provide for such health insurance as is available through their respective employer(s), and through CT Page 10238 whatever health insurance, if any, is available for the children through the teamsters or any governmental program as may be available by virtue of their status as dependents under the Social Security Disability program. The parents shall share equally in any uninsured and hence unreimbursable medical expenses for the children.
The defendant husband shall pay to the plaintiff wife the sum of one hundred and forty dollars ($140) alimony each week, to and including the week on which December 1, 2007 falls. Said alimony shall be non modifiable as to duration. Said alimony shall terminate upon the death of I either the plaintiff wife or the defendant husband. The defendant shall forthwith transfer to the plaintiff, through QUADRO, a forty percent (40%) interest in his IRA with Fleet Bank.
L. Paul Sullivan, J.