[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married in Bridgeport on August 8, 1995. During the course of the marriage, the parties adopted two children with special needs. Therefore, pursuant to C.G.S. Sec.17a-117, the parties have been receiving a subsidy for adopting two children with special needs. They have been receiving $1,283.00 per month.
The Wife has instituted an action for the dissolution of the marriage.
The question before the court is how to treat the monthly subsidy in regards to the child support guidelines.
There is a case exactly on point which was decided in 1996,Szydlo v. Szydlo, 1996 Ct. Sup. 8612. "In this matter, the court was called upon to determine whether, as claimed by the Defendant, adoption subsidies received by the parents of a `special needs' child should be included in the calculation of that parent's income available for child support purposes . . ." Id., 8616.
The present guidelines do not address this question. InSzydlo the court found:
". . . that such subsidies are intended to provide direct assistance to adopted children with specific identifiable `special needs'. The adoption subsidies are not intended to provide general financial aid to the parents or relatives who live with and care for these children. As such, despite its delivery to the adoptivee's lawful parents, the subsidy is for the effective use of the individual, identified special needs child. Accordingly, the court finds no basis for including adoption subsidy payments made pursuant to sec. 17a-117, as parental income for the purposes of determining an obligation to contribute to children support." CT Page 3746 at p. 8617.
The subsidy recognizes that there are additional costs that will be incurred by families who adopt children with special needs. These costs are beyond the ordinary cost of raising a child. There is still the responsibility of the parents to provide for the ordinary and every day care of the child.
This case can be distinguished from Jenkins v. Jenkins,243 Conn. 584 (1998) which held that Social Security dependency benefits paid directly to the child had to be included in the gross income of the noncustodial parent when calculating that parent's child support obligation. In Jenkins the court found that "the benefits are not gratuities but are earned, and they are substituted for lost earning power because of the disability" Id., 592.
The parties are directed to prepare a child support guideline study consistent with his decision.
FRANKEL, J.