[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de 1) PLAINTIFF'S MOTION FOR MODIFICATION AND 2) DEFENDANT'S MOTION FOR MODIFICATION
The parties' marriage was dissolved by judgment entered March 4, 1985. The judgment was last modified on June 19, 1995 when the defendant was ordered to reimburse the plaintiff the sum of $3,790.10 representing her share of uninsured medical bills. The plaintiff's motion for modification of child support was denied at the same time.
The current order of $185.00 for child support was entered as a post judgment modification on December 23, 1987, effective as of 2/26/88. The plaintiff's financial affidavit filed on that day listed employment income of $380.00 weekly less tax and hospitalization deductions of $98.98 or $281.02 net plus trust income of $139.53 received from trust established by plaintiffs aunt. The affidavit states an annual income therefrom received by plaintiff of $7,200.00, not included in the foregoing is a monthly commission check of approximately $125.00. The plaintiff listed his weekly disposable net income as $420.55. The defendant's affidavit listed gross wage of $170.00 weekly and net of $142.85. The December 23, 1987 order appears to have been entered by agreement of the parties.
The plaintiff's current financial affidavit states he is unemployed and has net income of $100.00 weekly from bonds and equities after $11.00 is deducted for taxes. He lists assets of $353,501.00 consisting of an auto, tangible items of personal property, bank accounts totaling $13,501.00, an IRA containing $9000.00 and stocks, bonds and mutual funds valued at $305,000.00, inherited assets from his mother and his aunt.
The defendant's motion alleges that she
 "is entitled to a modification of support upon a substantial CT Page 6725 change in circumstances . . . since the plaintiff . . . has received approximately $90,000.00 in inheritance from his mother's estate and has purchased raw land . . ."
The Connecticut Child Support and Arrearage Guidelines Regulations contain their own definition of gross income and ". . . it is that definition that is determinative." quotingJenkins v. Jenkins, 243 Conn. 584, 593, 704 A.2d 231 (1998). The case then goes on to point out that the definition
". . . includes, but is not limited to . . ."
the twelve specific elements enumerated in Section 46b-215a-1(11) of the regulations.
May the court impute a reasonable return on the investment portfolio and on the illiquid land holding valued at $14,000.00? The court believes so, for to hold otherwise produces the situation that a payor with non-income producing assets may avoid paying child support. An analogous approach is taken with earned income when an earning capacity test is applied, Miller v.Miller, 181 Conn. 610.
The court applies the interest rate currently being paid on the U.S. Treasury note, five year maturity, of 5.52% to $319,000.00 resulting in imputed income annually of $17,600.00 or $339.00 gross weekly income, after taxes, $320 net. The defendant has no income. The schedule indicates a child support obligation of $84.00 weekly.
The court finds that there has been a substantial change in the plaintiff's circumstances since entry of the current order. The plaintiff's imputed income, much less his actual income, cannot sustain the current order.
The plaintiff's motion is granted. The child support order is reduced to $84.00 weekly, effective as of the date of service on the defendant, June 20, 1998, section 46b-86(a) Conn. General Statutes. The defendant, motion is denied.
HARRIGAN, J.