[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR MODIFICATION (DOCKET ENTRY NO. 117)
The defendant has moved for modification of the judgment entered on August 4, 1994, modifying alimony and support. At that time, the parties stipulated that the previous order entered by the court on January 26 1990, could be modified to reduce alimony from $150.00 per week to $130.00 per week and to reduce support from $165.00 per week per child for two children (a total of $330.00 per week) to $125.00 per week per child for two children (a total of $250.00 per week).
The defendant's present motion is filed pursuant to 46b-86
(a) of the General Statutes. The date of the most recent prior proceeding on which an alimony and/or support order was entered is the appropriate date to use in determining whether a significant change in circumstances warrants a modification of an alimony or support award. Shearn v. Shearn, 50 Conn. App. 225,228 (1998). That date was August 4, 1994. The court must compare the financial situation on that date with today's date to assist in making its determination.
On August 4, 1994, the defendant was employed by the Board of Education of the City of Bridgeport and received a net monthly CT Page 9706 wage of $2,546 for a net weekly amount of $592.00. He is now earning $766.00 net per week. The plaintiff on August 4, 1994, was working part time as a bookkeeper and earning a net of $186.00 per week. She is now working full time as a Technical Assistant for Southern New England Telephone Company and is earning a net of $652.00 per week.
At the time of the original decree, there were two minor children: Trisha Marie McCarn born December 16, 1980 and Sean Patrick McCarn, born January 9, 1985. Trisha, as can be seen by her birth date, turned 18 in December of last year. She graduated from high school on June 24 of this year. This, on the issue of support, represents a substantial change in the circumstances of the parties such that support should be modified. The parties have agreed that support for Sean should be in an amount of $157.00 per week, which is in accordance with the Child Support Guidelines. The order for support shall be modified accordingly and shall terminate upon any of the "following events: the death of either of the parties, the child attains the age of eighteen and has completed the twelfth grade or attains the age of nineteen.
The parties were married on June 24, 1978. A decree of dissolution was entered on January 26, 1990 by the Honorable Margaret C. Driscoll, at which time alimony was awarded to the plaintiff "until her death, remarriage or cohabitation within the meaning of the statutes." Four and one half years later the defendant moved for a modification of the order of alimony and the order of alimony was reduced from $150.00 per week to $130.00 per week by agreement of the parties. The plaintiff's net earnings at that time were $186.00 per week, the plaintiff then working part time as a bookkeeper, whereas she had no earnings at the time of the original decree. The motion for modification, however, cited only the defendant's substantial change in circumstances. The defendant's current net income from his employment as a plumber for the Board of Education is $754.00, an increase of $162.00 per week.
The plaintiff is now earning but $102.00 per week less than the defendant. The defendant argues for termination of alimony, arguing that the marriage was but for 1 years and that the defendant has paid alimony for 9 years. The defendant, however, ignores the fact that the plaintiff has consequential expenses maintaining a home for the parties' two children even though one of the children is now finished high school and preparing to go CT Page 9707 to college.
The defendant moves also for modification of the original orders of the court regarding life insurance for the plaintiff, life insurance for the children, income tax exemptions to the plaintiff and modification because the defendant allegedly "pays a substantial portion of the support for the minor children."
The court finds the defendant has contributed support as ordered in the original decree. There has been no evidence of any additional contributions by the defendant and, indeed, any extraordinary expenses incurred for the children have been borne entirely by the plaintiff. Additionally, the defendant's expenses are considerably less than those of the plaintiff because his present wife also contributes to the household expenses.
The court finds that there has been a substantial change in the plaintiff's financial circumstances. While there has been an increase in her net income by reason of her working full time, there has also been an increase in her weekly expenses. In August, 1994, her expenses totaled $645.00 per week. Her expenses as set forth in her current financial affidavit total $957.00 per week. However, the figures for life insurance and "health insurance are monthly figures rather than weekly figures so that the figure of $957.00 ought to be reduced to $919.00. Her weekly expenses, therefore, have increased by $274.00. Provided her alimony remains the same but with the modified support, her total income is reduced to $717.00 per week, resulting in a short fall of $240.00 per week.
The defendant plays with a band. He has testified that he earns $40.00 to $50.00 a month. He has the use of a city car during the day and the use of his wife's truck or her Lexus automobile evenings and weekends. He holds a boat captain' s license but claims he has not earned money as a boat captain. He does, however, enjoy the use of his wife's boat. With the relief now granted him by reduction of his support obligation, his disposable income exceeds his weekly expenses by $78.00.
The judgment entered by Judge Driscoll as to the children's life insurance provided as follows: "He [the defendant] shall also continue to provide the insurance policies he presently has in which the children are the beneficiaries in the total amount of $112,000 and shall continue these policies until each child reaches the age of 18 at which time he may discontinue the policy CT Page 9708 as to that child." (Emphasis supplied.) It would appear from the language that the defendant's obligation as to one half ($56,000) terminated as to Trisha on June 24, 1999.
So much of the defendant's motion as seeks modification regarding the children's life insurance shall be granted to provide for life insurance in the amount of $56,000 for Sean for so long as the defendant is obligated to pay support.
The court, having found a substantial change of circumstances in accordance with § 46b-86(a) of the General Statutes, must now consider the provisions of § 46b-82 with regard to alimony. Section 46b-82 provides that the court shall consider the length of the marriage, the causes for dissolution of the marriage, the age, health, station, occupation, amount and sources of income, vocational skills, employability, and needs of each of the parties. The court has considered these factors. Having considered them, the court denies as much of the defendant's motion as seeks modification or the present orders for alimony, the original order seeking modification regarding life insurance naming the plaintiff as beneficiary and the original order regarding income tax exemptions for the children.
The order modifying support shall be effective June 24, 1999, the date that Trisha graduated from high school. The amount paid by the defendant for support of the children in excess of $157.00 per week subsequent to June 24, 1999, shall be paid by the plaintiff to the defendant in an amount of $20.00 per week and one final payment of the balance remaining until the whole amount is paid.
Previous orders for wage withholding shall be modified in accordance with this memorandum. Current wage withholding order shall be for $287.00, $130.00 for alimony and $157.00 for support.
Each party shall pay his or her own attorney's fees.
EDGAR W. BASSICK, III JUDGE TRIAL REFEREE