[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER RE: MOTION FOR MODIFICATION (#147)
The defendant seeks to decrease the amount of his child support payments on the ground his income has decreased since the dissolution of CT Page 2769 the parties marriage on December 17, 1999. The defendant's child support payment is reduced to $65.00.
The plaintiffs only source of income is Supplemental Social Security Income that amounts to $211.62 a week. These payments are to be excluded from her "gross income" pursuant to Regs., Conn. State Agencies §46b-215a-1(11)(A)(ix).
The child receives $619.00 per month in social security benefits that are based on the defendant's earnings. These payments are to be included in the defendants "gross income" for the purpose of determining the amount of his child support obligation under the guidelines, see Jenkinsv. Jenkins, 243 Conn. 584, 595, 704 A.2d 231 (1988). He is to receive a credit for these payment pursuant to § 46b-215a-1(11)(A)(ix) of the Regulations.
The defendant pays a dental insurance premium of $62.00 per month and a medical insurance premium of $168.00 per month for the child and himself. One-half of these premium payments are attributed to the child's insurance.
Under the Child Support Guidelines the defendant's presumptive support obligation is zero. The court finds that a deviation is appropriate for the best interests of the child and for equitable reasons. At the time of the divorce, the defendant was receiving approximately $819.21 a week as a net income. He agreed to pay $150.00 per week as child support, which amount was to be in addition to the social security payment received by the child. The plaintiffs weekly income at the time of divorce was the same as it is now, i.e. a $211.00 payment of SSI benefits. Recently, the defendant retired and now receives $442.91 per week in social security and pension benefits. Together, the plaintiff and defendant have after taxes approximately $46,000.00 for the support of themselves and their fourteen year old child. The defendant receives approximately sixty percent of this money. The plaintiff receives approximately forty percent.
The defendant is ordered to pay the plaintiff $65.00 per week as child support, which obligation may be enforced by way of immediate wage execution.
THIM, J.