[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR CONTEMPT AND OFFSET POST JUDGMENT #146 AND PLAINTIFF'S MOTION FOR CONTEMPT AND FOR MODIFICATION #148 ISSUE 
The first issue in this case is whether an order for child support may be retroactively modified.
A motion to modify child support may only be retroactively modified to "the date of service of notice of such pending motion upon the opposing party pursuant to section 52-50." General Statutes § 46b-86 (a)
The second issue in this case is whether the plaintiff may receive a credit against his child support obligation for social security dependency benefits paid directly to his son.
Because the social security dependency benefits paid directly to the dependent child represent earnings of the plaintiff, the plaintiff may receive a credit toward his monthly child support obligation. However, the plaintiff is not entitled to reimbursement or a credit for any excess that exceeds the amount of the monthly support obligation.
 FACTS
On February 3, 1995, the parties' marriage was dissolved by judgment. The dissolution judgment ordered, inter alia, that the plaintiff husband pay to the defendant wife $126.50 weekly as child support for the two minor children "until the youngest child graduates from high school or reaches age 18 whichever occurs later. This support is subject to Connecticut State Child Support Guidelines and the amount shall besubject to modification when the elder son reaches the age of majority or CT Page 4078 graduates from high school, whichever is later." Tarbox v. Tarbox, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 043875 (February 3, 1995, Coppeto, J.). The judgment further ordered the defendant to pay the plaintiff "upon two [months] after the youngest child graduates from high school . . . the sum of $21,000.00 as full and final settlement of the marital estate." Id.
The parties' elder child, Paul, turned eighteen on October 24, 1998, and the younger child, James, turned eighteen on October 23, 2000. Both of the children graduated from high school on the same day, June 22, 2001. In February 2001, James was notified by the Social Security Administration that he was awarded social security dependency benefits on the earnings record of the plaintiff. (Defendant's Reply Brief, Exh. A.) Additionally, in February 2001, James received a lump sum payment from the Social Security Administration in the amount of $7328 due him for March 2000 through January 2001. (Defendant's Reply Brief, Exh. A.) Thereafter, James received a monthly social security check in the amount of $685. (Defendant's Reply Brief, Exh. A.)
 DISCUSSION
On October 24, 2001, the defendant filed a motion seeking to hold the plaintiff in contempt for failure to pay child support. The defendant also seeks to offset the amount she owes the plaintiff for a property settlement with the unpaid child support owed by the plaintiff. On the same day, the plaintiff filed a motion for contempt based on the defendant's failure to pay the property settlement. The plaintiff also filed a motion to modify the child support order. The motions were argued before this court on November 26, 2001. Thereafter, the parties, pursuant to court order, filed briefs addressing two issues: (1) whether an obligor may retroactively modify a child support order; and (2) whether an obligor is entitled to a credit against child support for social security benefits paid directly to a dependent child.
The defendant asserts that the plaintiff failed to pay the full amount of child support in 1999 and ceased payment altogether in September 2000. The defendant further asserts that modification of the child support order may only be made retroactive to the date of service of the motion for. modification.
The plaintiff asserts that he fully complied with the child support order and that there currently exists an overpayment. The plaintiff contends that the child support order should be "retroactively modified because by its own terms it was self-executing. . . ." (Plaintiff's Brief, pp. 2-3.) The plaintiff further asserts that his child support obligation ceased, by operation of law, on June 22, 2001, when both of CT Page 4079 the children graduated from high school. (Plaintiff's Brief, p. 4.)
"Retroactive modifications of support orders are ordinarily impermissible. . . . With the exception of the period following service of a motion for modification, [n]o order for periodic payment of permanent . . . support may be subject to retroactive modification. . . . General Statutes § 46b-86 (a) . . ." (Citation omitted.) Favrow v.Vargas, 231 Conn. 1, 40-41, 647 A.2d 731 (1994)
"[A]n order of the court must be obeyed until it has been modified or successfully challenged. . . . It is true [however] that there may be some orders that are self-executing, either by their terms (`the plaintiff shall pay to the defendant as child support for each child the sum of $15,000 per year until the child's eighteenth birthday when said support shall cease') or by operation of law (terminating alimony upon remarriage)." (Citations omitted; internal quotation marks omitted.)Eldridge v. Eldridge, 244 Conn. 523, 530, 710 A.2d 757 (1998)
In the present case, the child support order provides: "Plaintiff shall pay to Defendant the weekly amount of $126.50 as child support. The child support shall continue until the youngest child graduates from high school or reaches age 18 whichever occurs later. This support is subject to Connecticut State Child Support Guidelines and the amount shall be subject to modification when the elder son reaches the age of majority or graduates from high school, whichever is later." Tarbox v. Tarbox, supra, Superior Court, Docket No. 043875.
The provision in the order which provides that the plaintiff's support obligation will cease when the youngest child turns eighteen or graduates from high school, whichever occurs later, is clearly self-executing.Eldridge v. Eldridge, supra, 244 Conn. 530. The order, however, is not entirely self-executing, in that it is subject to modification when the elder child turns eighteen or graduates from high school, whichever occurs later. Because both of the children were attending high school after their eighteenth birthdays, the event which would trigger either the plaintiff's ability to modify the support order or the termination of his support obligation is the children's graduation from high school. Coincidentally, the children graduated from high school on the same day. Therefore, the plaintiff's child support obligation ceased on June 22, 2001, and under the facts of this case, the provision pertaining to modification is moot.
Furthermore, the plaintiff contends that his obligation to pay child support "was retroactively modified by operation of law down to zero back on March 1, 2000 when he received his SSI disability award." (Plaintiff's Brief, pp. 14-15.) The plaintiff also argues that because he was not CT Page 4080 obligated to pay child support while his son was receiving social security dependency benefits, he is, therefore, entitled to repayment of the child support from the defendant. The defendant argues that the plaintiff's motion to retroactively modify the support order based on their son's receipt of social security dependency benefits is untimely as it was served on October 15, 2001.
The child support guidelines explicitly exclude SSI benefits from the calculation of child support, however, social security benefits, "including dependency benefits on the earnings record of an insured parent that are paid on behalf of a child whose support is being determined. . . ." are included in the calculation of child support. Regs., Conn. State Agencies § 46b-215a-1 (11) (ix). "The characterization of dependency benefits as a substitute for the disabled party's lost income has been identified as the basis for allowing a credit to the noncustodial parent toward his or her child support obligation. The majority view . . . regards social security benefits [paid to dependent children] as earnings of the contributing parent and, for this reason, allows benefits paid to a child on the parent's behalf to be credited toward child support obligations. . . . The same reasoning has also provide the basis for the decision to include the benefits in the gross income of the noncustodial parent. In deciding that the . . . benefits . . . should be credited as child support payments by [the noncustodial parent], we reasoned that those benefits are essentially earnings derived by [the noncustodial parent] from his past social security contributions. By parallel reasoning, the benefits should be counted as income to [him]. . . ." (Citations omitted; internal citations omitted.) Jenkins v. Jenkins, 243 Conn. 584, 592-93, 704 A.2d 231
(1998).
In the present case, the plaintiff intermittently mischaracterizes the social security benefits which he and his son receive as Supplemental Security Income (SSI). A review of the notice of award sent from the Social Security Administration to the parties' son, James, indicates that the plaintiff and James are not receiving SSI, rather, they are receiving social security benefits. (Defendant's Reply Brief, Exh. A.) Because the motion to modify was served on the defendant on October 15, 2001, the plaintiff cannot move to modify his support obligation to reflect his son's receipt of social security dependency benefits for the period of March 2000 through July 2001. General Statutes § 46b-86 (a).
Although the plaintiff cannot retroactively modify the child support order, the plaintiff is entitled to a credit for the lump sum and monthly social security dependency benefits paid directly to his son. Washburnv. O'Reilly, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 315735 (February 18, 1998, Bishop, J.) (21 CT Page 4081 Conn.L.Rptr. 321, 324) (holding that "the plaintiff is entitled to a credit for monthly payments made for the benefit of the [dependent] child by the Social Security Administration"); Harabosky v. Harabosky, superior Court, judicial district of Danbury, Docket No. 3107G2 (February 10, 1998, Axelrod, J.) (noting that in allowing the plaintiff a credit for child support payments made through social security dependency benefits, the court is not "entering a retroactive order, but rather is simply applying to the obligation of the plaintiff a credit for the amount that has been paid to the defendant"). The plaintiff "is entitled to credit, however, only up to the extent of his obligation for monthly payments of child support, but not exceeding it. . . . [T]he excess . . . paid each month must be regarded under the divorce decree as a gratuity to the [child]." Harabosky v. Harabosky, Superior Court, judicial district of Danbury, Docket No. 310762 (June 23, 1998, Axelrod, J.) (22 Conn.L.Rptr. 388, 390), quoting Andler v. Andler, 217 Kan. 539, 544, 538 P.2d 649
(1975)
James was awarded social security dependency benefits beginning in March 2000. He received a lump sum payment in the amount of $7328, due him for March 2000 through January 2001. Thereafter, James received monthly social security checks in the amount of $685. Therefore, the lump sum award of social security dependency benefits paid to James is to be applied as a credit against any arrearage due to the defendant for child support for the period of March 2000 through January 2001. Further, the monthly social security dependency benefits received by James from February 2001 through July 2001, in the amount of $685 a month, should be applied as a credit against any arrearage due the defendant "to the extent of [the plaintiff's] obligation for monthly payments of child support, but not exceeding it. . . ." Harabosky v. Harabosky, supra,22 Conn.L.Rptr. 390. The plaintiff is not, however, entitled to reimbursement or a credit for any excess that exceeds the amount of the monthly support obligation. Id. Thus, the defendant still owes the plaintiff $21000.
The Court
 By ___________________ Cutsumpas, J.