[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The respondent, Lawrence Calabrese, was under an order of the Court to pay current child support in the amount of $146 per week for two minor children. (The oldest of these children emancipated on March 10, 2002).
The defendant began collecting Social Security income benefits in March or April, 2001. The petitioner, Judith D. Calabrese, simultaneously began CT Page 6099 receiving Social Security payments for the benefit of the children in the amount of $508 per month per child (as a result of the Defendant's Social Security eligibility). Thus the monthly Social Security benefits exceeded the Defendant's current child support obligation.
Subsequently, the Defendant filed a Motion for Modification, requesting suspension of the current child support order, as the children were receiving said direct Social Security benefits. This Motion for Modification was served upon the plaintiff on January 18, 2002.
It is well settled that Social Security dependency benefits paid directly to a minor child (of the non-custodial payor father) because of the father's eligibility for such benefits are to be included in the father's gross income for the purposes of determining his child support obligations. See Jenkins v. Jenkins, 243 Conn. 584, 704 A.2d 231 (1998). This decision apparently prompted the State of Connecticut Commission for Child Support Guidelines to add the Social Security dependency allowance to the definition of a "gross income" in its revised Guidelines effective August 1, 1999. However, the Line 20 Guideline Worksheet adjustment effectively deducts said benefits from the non-custodial parent's current support obligation. See the "Social security dependency benefits" paragraph on page v of the Preamble to the State of Connecticut Child Support and Arrearage Guidelines effective August 1, 1999.
The Guideline Worksheet calculation in this case reflects that when the line 20 Social Security dependency benefits adjustment is included, the recommended current support order is $0. Therefore, the parties have agreed and this Court ordered (at the April 25, 2002 hearing on this Motion) that the current child support orders are suspended, as the Social Security Benefits paid directly to the children are in lieu of the direct child support payments from the Respondent.
However, the parties disagree on whether the Respondent is entitled to a retroactive application of suspension of child support payments. The Plaintiff contends that no adjustment can be made prior to the January 18, 2002 service date, and that no adjustment should be made prior to April 25, 2002 (the date of the instant hearing). The Defendant seeks relief back to March, 2001, i.e., the commencement of the direct Social Security dependency benefits.
The parties have stipulated that the arrearage balance due to the Plaintiff was $3,691.89 as of April 21, 2001 (i.e., the arrearage balance prior to the social security payments). Plaintiff seeks a finding that the Defendant is not entitled to any retroactive adjustment or credit since the commencement of the direct Social Security dependency benefits, and therefore claims an arrearage balance of $10,758.99 as of April 25, CT Page 6100 2002. The Defendant requests that the total arrearage finding remain at $3,691.89 as of April 25, 2002.
This Court acknowledges that it does not have the authority to apply orders retroactively prior to the date of service of the subject Motion for Modification per Connecticut General Statutes § 46b-86 (a). However, a crucial distinction must be made between an inappropriate "retroactive" order versus an appropriate "credit".
There are at least two reported Superior Court cases in Connecticut which have dealt with this issue: Froelich v. Froelich,19 Conn.L.Rptr. 552 (Danbury 1997, Moraghan, J.) and Lincoln v.Lincoln, 3 Conn. Opps. 518 (Rockville 1997, Bishop, J.). In each of these decisions, the Court found that Social Security payments paid directly to the minor children because of father's Social Security eligibility are to be treated as credits (emphasis added) against child support payments, as the said direct Social Security benefits are in lieu of the child support payments. The Froelich
court was presented with a post-dissolution contempt motion, and noted that a Motion for Modification had not been filed. Nevertheless, Judge Moraghan indicated that he was prevented (by logic) from finding the father in contempt or from finding an arrearage for the period of time that the plaintiff was receiving the direct Social Security benefits.
The Lincoln court was presented with a Motion for Modification, and likewise applied a credit for all past Social Security payments.
 CONCLUSION
Therefore, the defendant, Lawrence Calabrese, is entitled to a credit against his arrearage back to the commencement of the Social Security dependency benefit direct payments. A contrary ruling unfairly would result in the Plaintiff recovering more than twice the current order. The amount of the credit is the amount of his child support order or the amount of the direct Social Security payments, whichever total is less. Therefore, in this case, the Defendant's credit is limited to the amount of his weekly order, i.e., $146 per week.
Accordingly, the Defendant's arrearage is found as $3,691.89 as of April 25, 2002. He is ordered to pay on this arrearage at $40 per month (as he had offered). The Court notes that this $40 figure actually exceeds his nominal obligation under the Guideline calculations. Income withholding is modified accordingly to reflect the suspension of the current payments as ordered on April 25, 2002, and to collect the said $40 per month arrearage payment. CT Page 6101
JOHN E.COLELLA Family Support Magistrate