AKILAH BITTLE *v.* COMMISSIONER OF SOCIAL SERVICES
(AC 17071)

Foti, Sullivan and Daly, Js.

Argued February 27—officially released May 19, 1998

*Michael Dardzinski*, with whom were *Robert A. Solomon* and, on the brief, *Kathleen Sullivan* and *Ana Mari Bermudez*, for the appellant (plaintiff).

*Karen Haabestad Fritzinger*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Richard J. Lynch*, assistant attorney general, for the appellee (defendant).

*Opinion*

SULLIVAN, J. The dispositive issue in this appeal is whether service of process pursuant to General Statutes § 4-183 (c)[1] is perfected upon depositing into the mail a copy of the appeal documents, addressed to the proper agency or the office of the attorney general, within forty-five days of an agency decision. The plaintiff, Akilah Bittle, appeals from the judgment of the trial court dismissing her appeal from a decision of the defendant department of social services (department). The trial court concluded that it did not have jurisdiction to hear the plaintiff's appeal because service of process was not made on the defendant within forty-five days as required by § 4-183 (c).

The facts are undisputed. The plaintiff applied to the department for an emergency security deposit so that

[1] General Statutes § 4-183 (c) provides: "Within forty-five days after mailing of the final decision under section 4-180 or, if there is no mailing, within forty-five days after personal delivery of the final decision under said section, a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision at its office or at the office of the Attorney General in Hartford and file the appeal with the clerk of the superior court for the judicial district of Hartford-New Britain or for the judicial district wherein the person appealing resides or, if that person is not a resident of this state, with the clerk of the court for the judicial district of Hartford-New Britain. Within that time, the person appealing shall also serve a copy of the appeal on each party listed in the final decision at the address shown in the decision, provided failure to make such service within forty-five days on parties other than the agency that rendered the final decision shall not deprive the court of jurisdiction over the appeal. Service of the appeal shall be made by (1) United States mail, certified or registered, postage prepaid, return receipt requested, without the use of a sheriff or other officer, or (2) personal service by a proper officer or indifferent person making service in the same manner as complaints are served in ordinary civil actions."

she might rent a new residence. The department informed her that before she could be eligible for an emergency security deposit she would have to obtain a judgment of eviction against herself. Shortly thereafter, the plaintiff obtained such a judgment. When she advised the department that she had obtained the judgment of eviction, the department informed her that she had never been qualified to receive an emergency security deposit.

The department issued its denial of the plaintiff's request for an emergency security deposit on August 29, 1995. On October 12, 1995, forty-four days after the issuance of the judgment, the plaintiff attempted to appeal from the denial of her request for an emergency security deposit. This was accomplished by depositing the appeal documents in the United States mail by certified mail, return receipt requested, addressed to the commissioner of the department of social services and to the office of the attorney general. The attorney general's office and the office of the commissioner of the department of social services received the appeal documents on October 16, 1995, forty-eight days after notice of the denial of the requested emergency security deposit was mailed to the plaintiff. The trial court found that service was not completed until it was received by the defendants and, therefore, that the plaintiff had not satisfied the requirement of § 4-183 (c), depriving the court of subject matter jurisdiction. We agree.

"On appeal, it is the function of this court to determine whether the decision of the trial court is clearly erroneous. . . . [W]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision . . . ." *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 221, 435 A.2d 24 (1980). "We do not examine the record to determine whether the trier

of fact could have reached a conclusion other than the one reached. Rather, we focus on the conclusion of the trial court, as well as the method by which it arrived at that conclusion, to determine whether it is legally correct and factually supported." Id., 222.

The plaintiff claims that the trial court improperly dismissed her appeal because she did, in fact, satisfy the forty-five day service requirement set forth in § 4-183 (c) when she deposited her appeal documents in the United States mail within forty-five days of the department's decision.

"[I]t is axiomatic that the process of statutory interpretation involves a reasoned search for the intention of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Citations omitted; internal quotation marks omitted.) *Frillici* v. *Westport,* 231 Conn. 418, 431, 650 A.2d 557 (1994).

Connecticut statutes must be read in accordance with the plain language that is set forth in them. *Donner* v. *Kearse,* 234 Conn. 660, 670, 662 A.2d 1269 (1995). Section 4-183 (c) provides, in general terms, that an administrative appeal must be filed with the court and served on the agency or the attorney general and on each party listed in the decision within forty-five days of delivery of the agency's final decision to the appellant. *Glastonbury Volunteer Ambulance Assn., Inc.* v. *Freedom of Information Commission,* 227 Conn. 848, 852, 633 A.2d 305 (1993). Section 4-183 (c) further provides that the appealing party's failure to make service on parties other than the agency that rendered the final decision shall not deprive the court of jurisdiction over the

appeal. If the legislature intended to allow service on the subject agency to be completed upon receipt of the appeal documents after forty-five days, it would not have specifically excluded "parties other than the agency that rendered the final decision" from the forty-five day requirement. To hold that service was completed when the plaintiff deposited the appeal documents in the mail would result in a grace period to the appealing party that the legislature never intended. In fact, the legislature's intent was quite the opposite.

A review of the history of § 4-183 (c) reveals that prior to 1988, appeals had to be served on the defendant agency within thirty days of its decision. The appeal then had to be returned to court within another fifteen days, or within forty-five days of the issuance of the agency's decision.[2] General Statutes (Rev. to 1987) § 4-183. "Section 4-183 (c) is the outgrowth of the fact that '[i]n 1988, the legislature enacted a comprehensive revision of the [Uniform Administrative Procedure Act], based upon recommendations made after nearly three years of study and review by the Connecticut law revision commission.' *Tolly* v. *Department of Human Resources*, [225 Conn. 13, 26, 621 A.2d 719 (1993)]. With only slight alteration, § 24 of the bill proposed by the

[2] Stephen F. Frazzini, the executive director of the Legal Aid Society of Hartford County, Inc., stated in his comments to the legislature regarding the revisions to § 4-183 (c) that "[t]he problem is that the present statute is very hard to follow. I don't know how many times I have seen lawyers who have thought that they could file the appeal within forty-five days and they were safe. The present section has two different filing deadlines. You have to file it, you have to serve the appeal on the agency within [thirty] days after the decision, and then within another [fifteen] days you have to file the appeal with court. But the number of people who do both within [forty-five] days is legion, and I think it's really unfair that the appeal process is so difficult to understand and to comply with. What this bill does is it makes . . . things simpler. For example, one forty-five day appeal period, serve the party, serve the agency both. No confusion [on] how long you've got . . . for what you've got to do." Conn. Joint Standing Committee Hearings, Judiciary, Pt. 1, 1988 Sess., p. 264.

law revision commission ultimately became General Statutes § 4-183 (c). Compare 1987 Thirteenth Annual Report of the Connecticut Law Revision Commission to the General Assembly, March, 1988, p. 63 (law revision commission report). The commentary to § 24 of the proposal makes clear not only that service must be made within forty-five days, but that '[t]he appeal must also be filed in the court within forty-five days.' Law revision commission report, p. 39. There is nothing in the committee hearings or floor debate on Public Acts 1988, No. 88-317, to suggest that the legislature intended to depart from this earlier and clearly expressed intent." *Glastonbury Volunteer Ambulance Assn., Inc.* v. *Freedom of Information Commission*, supra, 227 Conn. 853.

The plaintiff relies heavily on *Hanson* v. *Dept. of Income Maintenance*, 10 Conn. App. 14, 15–16, 521 A.2d 208 (1987), which states, in dicta, that the mailing of an appeal of an agency's decision on the forty-fifth day is effective service. That case was decided, however, prior to the comprehensive changes to § 4-183 (c) and, therefore, does not assist the plaintiff in this appeal. In *Glastonbury Volunteer Ambulance Assn., Inc.* v. *Freedom of Information Commission*, supra, 227 Conn. 852–53, our Supreme Court held that if appeal documents are received by the clerk's office beyond the forty-five day period, the Superior Court has no subject matter jurisdiction to hear the appeal. The appellant in that case mailed the appeal documents and served the parties within the forty-five day appeal period. The clerk's office did not receive the appeal documents, however, until after the expiration of the appeal period. The issue in *Glastonbury Volunteer Ambulance Assn., Inc.*, was whether the filing of the appeal occurred beyond the forty-five day appeal period, thereby depriving the trial court of subject matter jurisdiction. The court in that case addressed the filing requirement under § 4-183 and not the issue of when service of process is completed. Thus, *Glastonbury Volunteer*

*Ambulance Assn., Inc.,* did not address the issue in this case, namely, whether service is completed by the deposit of the appeal into the mail or by the actual receipt of the appeal by either the agency involved or the office of the attorney general. Nevertheless, we find instructive the court's decision that the filing requirement in § 4-183 mandates receipt of the appeal documents within the forty-five day appeal period.

We find that service under § 4-183 (c) on an agency or on the office of the attorney general is not completed until the appeal is in the possession of the subject agency or the attorney general's office, whether said service be by certified mail or in-hand service. Because service was not completed within forty-five days of the issuance of the agency's decision, the trial court had no subject matter jurisdiction to hear the appeal.

The judgment is affirmed.

In this opinion the other judges concurred.