## DELORES D. STEWART *v.* LEROY STEWART
### (AC 16493)

Lavery, Schaller and Hennessy, Js.

Submitted on briefs September 18—officially released October 27, 1998

*Leroy Stewart,* pro se, filed a brief.

*Delores D. Stewart,* pro se, filed a brief.

*Opinion*

PER CURIAM. The plaintiff, Delores D. Stewart, appeals from the trial court's denial of her motion to open the judgment of dissolution of her marriage to the defendant, Leroy Stewart, for the purpose of dividing pension benefits.

The plaintiff claims that at the time of the dissolution of their marriage in 1977, the defendant fraudulently concealed pension benefits to which she was entitled. She also claims that the trial court abused its discretion in denying her motion to open the judgment of dissolution in order to address the defendant's fraud.

"The well settled standard of review in domestic relations cases is that this court will not disturb trial court orders unless the trial court has abused its legal discretion or its findings have no reasonable basis in the facts. . . . *McPhee* v. *McPhee,* 186 Conn. 167, 177, 440 A.2d 274 (1982); see also *Rostain* v. *Rostain,* 213 Conn. 686, 693, 569 A.2d 1126 (1990). In determining whether there has been an abuse of discretion, the ultimate issue is whether the court could reasonably conclude as it did. . . . *Sands* v. *Sands,* 188 Conn. 98, 101, 448 A.2d 822 (1982), cert. denied, 459 U.S. 1148, 103 S. Ct. 792, 74 L. Ed. 2d 997 (1983)." (Internal quotation marks omitted.) *Simmons* v. *Simmons,* 244 Conn. 158, 174–75, 708 A.2d 949 (1998).

The plaintiff did not produce evidence to support her assertion that the defendant had committed fraud. The trial court, after examining the financial affidavits and questioning the defendant, concluded that there were no pension benefits to which he was entitled. The trial court reasonably could have concluded as it did.

Accordingly, the trial court did not abuse its discretion in denying the plaintiff's motion to open.

The judgment is affirmed.