## CAMERON M. HAYWARD *v.* JAMES R. W. HAYWARD
### (AC 16496)

Foti, Lavery and Daly, Js.

Argued December 1, 1998—officially released April 27, 1999

*Opinion*

LAVERY, J. This appeal, arising from the trial court's decision modifying its order for periodic child support, returns to this court[1] pursuant to our having granted the plaintiff's motion to reargue. The issue now before us is the plaintiff's claim that trial court improperly applied the child support guidelines[2] (support guidelines) by permitting the defendant to deduct his entire contribution to the Australian superannuation fund and the value of his employer provided automobile from his gross income. We agree.

The following facts are pertinent to this appeal. The plaintiff, Cameron M. Hayward, and the defendant,

---

[1] Originally, the plaintiff raised three claims in her appeal. The plaintiff claimed that the trial court improperly (1) determined that the child support guidelines were "mandatory" in the present case given the defendant's explicit waiver in the separation agreement that said guidelines would not operate as the basis for modification of child support in the future, (2) applied the support guidelines and (3) denied the plaintiff's motion for contempt. In a per curiam opinion, we affirmed the trial court's decision. *Hayward* v. *Hayward*, 49 Conn. App. 904, 718 A.2d 86 (1998). Subsequently, the plaintiff filed a motion seeking reargument on the issue of whether the trial court properly applied the support guidelines, and we granted that motion. Because the plaintiff did not seek to reargue our decision as to the trial court's determination that the support guidelines applied to the facts of this case and its denial of her motion for contempt, our earlier decision is dispositive of those issues.

[2] "The guidelines are set forth at § 46b-215a-1 et seq. of the Regulations of Connecticut State Agencies. The guidelines are promulgated by the commission for child support guidelines . . . which was established by the legislature pursuant to General Statutes § 46b-215a. General Statutes § 46b-215b (a) provides that the guidelines are to be considered in all determinations of child support in the state, and creates a rebuttable presumption that the amount of support calculated through application of the guidelines is the amount of support to be ordered." *Jenkins* v. *Jenkins*, 243 Conn. 584, 586 n.2, 704 A.2d 231 (1998).

James R. W. Hayward, were married in 1985, and one child was born to them in 1989. Sometime thereafter, the defendant returned to his native Australia, where he continues to reside. The parties entered into a separation agreement governing the financial aspects of their dissolution of marriage, which was granted on March 1, 1991. At the time of the dissolution, the defendant was self-employed; he is now employed by a third party.

In June, 1995, the defendant unilaterally reduced the amount of child support he paid monthly. Consequently, the plaintiff filed a motion to show cause why the defendant should not be held in contempt, in response to which the defendant filed a motion for modification of his periodic child support claiming a substantial change in the parties' circumstances.[3] The defendant claimed that despite an increase in his gross income from employment from $181,000 in 1991 to $230,000 in 1996, his net income from employment decreased from $2168 per week to $1560 per week[4] due, in part, to the contributions he is required to make to Australia's superannuation fund, a compulsory retirement savings program. The defendant's employer also provides him with an automobile, the value of which is included in his gross income. The defendant deducts approximately $296 from his weekly gross salary for the value of the motor vehicle.

A hearing was held on both motions in September, 1996. As a result of the hearing, the trial court orally denied the plaintiff's motion for contempt and issued a memorandum of decision granting the defendant's motion for modification. The plaintiff appealed.[5]

---

[3] Both of the parties have married others since the dissolution of their marriage.

[4] All sums are in United States dollars.

[5] The plaintiff challenged both of the trial court's rulings, but only the issue concerning modification of child support is before us at this time.

I

Before we can resolve the issue on appeal, we must address the defendant's claims that the plaintiff did not raise the misapplication of the support guidelines at trial and has not provided an adequate record for our review. The defendant is mistaken.

The issue before this court is whether the trial court improperly applied the child support guidelines in modifying the amount of periodic child support that the defendant owes the plaintiff, specifically, whether the trial court properly allowed the defendant to deduct from his gross income (1) his contribution to the superannuation fund and (2) the value of his automobile. The record before us includes a copy of the defendant's 1996 financial affidavit, a transcript of the hearing and the trial court's memorandum of decision in which it finds that the defendant's disposable weekly income is $1560.

The following additional facts are necessary for the resolution of the defendant's claim. The separation agreement incorporated in the dissolution judgment contained a provision that the defendant's child support payments were not to be controlled by the support guidelines.[6] In fact, at the time of the dissolution of the marriage, the defendant's net income was at a level outside the scope of the support guidelines. At the hearing on his motion to modify his child support payments, the defendant argued that his net income was now significantly less than what it was at the time of the dissolution and that it now came within the scope of the support guidelines. Following evidence, the trial

---

[6] The separation agreement contained the following provision: "The parties recognize and agree that the amount of child support agreed to is not in accordance with the child support guidelines, having taken into consideration the assets of the HUSBAND and therefore specifically agree that said guidelines shall not operate as a basis for a modification of the child support in the future."

court heard argument from the parties' counsel, during which the following colloquy took place.

"[Plaintiff's Counsel]: With regard to the argument that [defendant's counsel] makes, first of all, our position is that this isn't a guidelines case. And it's not a guidelines case for two reasons. First of all, at the time that the divorce was entered, back in March of 1991 . . . it's clear that the parties intended, through counsel, and the court accepted to the extent that it could, that this was not a guidelines case then. And moreover, under the agreement, this would not become a guidelines case.

"The Court: Well, that's the issue right there. That's the whole issue in the case.

"[Plaintiff's Counsel]: I understand that.

"The Court: And whether the agreement can override the guidelines and the regulation.

* * *

"The Court: Is there any case that says that a party's agreement approved by the court, made part of the judgment dissolution, can override the guidelines?

"[Defendant's Counsel]: I know of no case that says that.

"The Court: I don't either.

"[Plaintiff's Counsel]: And I don't either."

The trial court ruled that the support guidelines were mandatory and then applied the guidelines to the facts of the case. The plaintiff appealed.

A

We must first decide whether this court may properly review the plaintiff's claim because it was not raised at trial. This court "may reverse or modify the decision

of the trial court if it determines that the factual findings are clearly erroneous in view of the evidence and pleadings in the whole record, or that the decision is otherwise erroneous in law. The court shall not be bound to consider a claim unless it was distinctly raised at the trial *or arose subsequent to the trial. . . .*" (Emphasis added.) Practice Book § 60-5.

In its memorandum of decision, the trial court determined that the defendant's child support payments were controlled by the support guidelines and could not be overridden by the parties' separation agreement. The trial court, therefore, applied the support guidelines in modifying the amount of child support the defendant is now required to pay. On appeal, the plaintiff takes exception to the manner in which the trial court applied the support guidelines to the facts of this case. How the support guidelines are to be interpreted or applied was not at issue before the trial court. That issue arose subsequent to the hearing when the trial court issued its memorandum of decision. Pursuant to Practice Book § 60-5, therefore, we may properly consider the plaintiff's claim.

### B

The defendant's second claim, as to whether we may properly review the plaintiff's appeal, is that there is an inadequate record for our review because the plaintiff did not ask the trial court to articulate the manner in which it applied the support guidelines to the defendant's financial affidavit. "It is the responsibility of the appellant to provide an adequate record for review. The appellant shall determine whether the entire trial court record is complete, correct and otherwise perfected for presentation on appeal. For purposes of this section, the term 'record' is not limited to its meaning pursuant to Section 63-4 (a) (2), but includes all trial court decisions, documents and exhibits necessary and appropriate for appellate review of any claimed impropriety." Practice Book § 61-10.

The substantive issue before us is whether the trial court properly applied the support guidelines to the defendant's superannuation fund contribution and the value of his employer provided automobile. The support guidelines are codified in §§ 46b-215a-1 and 46b-215a-2[7] of the Regulations of Connecticut State Agencies. "In construing regulations, the general rules of statutory construction apply." *Smith* v. *Zoning Board of Appeals*, 227 Conn. 71, 89, 629 A.2d 1089 (1993), cert. denied, 510 U.S. 1164, 114 S. Ct. 1190, 127 L. Ed. 2d 540 (1994). Statutory construction is a question of law requiring plenary review. See *Lopiano* v. *Lopiano*, 247 Conn. 356, 363, 752 A.2d 1000 (1998), citing *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 221–22, 435 A.2d 24 (1980). We need determine only whether the trial court correctly applied the support guidelines. See *Lowe* v. *Lowe*, 47 Conn. App. 354, 361, 704 A.2d 236 (1997).

We have before us the defendant's 1996 financial affidavit, a transcript of the hearing and the trial court's memorandum of decision in which it found the defendant's net income. This record is sufficient for us to determine whether the trial court properly applied the support guidelines as a matter of law. We will, therefore, review the plaintiff's claim.

## II

We now turn to the plaintiff's claim that the trial court improperly applied the child support guidelines. "The well settled standard of review in domestic relations cases is that this court will not disturb trial court orders unless the trial court has abused its legal discretion or its findings have no reasonable basis in the facts.

---

[7] Section 46b-215a-2 (a) of the Regulations of Connecticut State Agencies provides: "This section shall be used in the determination of all child support award amounts within the state effective June 1, 1994. When the parents' combined net weekly income exceeds $1,750, awards shall be determined on a case-by-case basis, and the amount of support prescribed at the $1,750 level shall be the minimum presumptive level."

. . . *McPhee* v. *McPhee*, 186 Conn. 167, 177, 440 A.2d 274 (1982); see also *Rostain* v. *Rostain*, 213 Conn. 686, 693, 569 A.2d 1126 (1990). In determining whether there has been an abuse of discretion, the ultimate issue is whether the court could reasonably conclude as it did. . . . *Sands* v. *Sands*, 188 Conn. 98, 101, 448 A.2d 822 (1982), cert. denied, 459 U.S. 1148, 103 S. Ct. 792, 74 L. Ed. 2d 997 (1983). . . . *Simmons* v. *Simmons*, 244 Conn. 158, 174–75, 708 A.2d 949 (1998)." (Internal quotation marks omitted.) *Stewart* v. *Stewart*, 50 Conn. App. 762, 763, 718 A.2d 516, cert. denied, 247 Conn. 948, 723 A.2d 323 (1998).

"Where the legal conclusions of the trial court are challenged, on appeal those conclusions are subject only to the test of abuse of discretion. . . . Discretion means a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice. . . . The salient inquiry is whether the court could have reasonably concluded as it did. . . . It goes without saying that the term abuse of discretion does not imply a bad motive or wrong purpose but merely means that the ruling appears to have been made on untenable grounds. . . . In determining whether the trial court has abused its discretion, we must make every reasonable presumption in favor of the correctness of its action. . . . Our review of a trial court's exercise of the legal discretion vested in it is limited to the questions of whether the trial court correctly applied the law and could reasonably have reached the conclusion that it did." (Citations omitted; internal quotation marks omitted.) *Misinonile* v. *Misinonile*, 35 Conn. App. 228, 234–35, 645 A.2d 1024 (*Landau, J.,* dissenting), cert. denied, 231 Conn. 929, 649 A.2d 253 (1994).

" 'Trial courts have broad discretion in deciding motions for modification.' *Noce* v. *Noce*, 181 Conn. 145,

149, 434 A.2d 345 (1980)." *Shearn* v. *Shearn*, 50 Conn. App. 225, 227, 717 A.2d 793 (1998). General Statutes § 46b-86[8] governs the modification of a child support order after the date of a dissolution judgment. See *Borkowski* v. *Borkowski*, 228 Conn. 729, 734, 638 A.2d 1060 (1994). A final order for child support may be modified by the trial court upon a showing of a substantial change in the circumstances of either party. See *Shearn* v. *Shearn*, supra, 228. " 'The party seeking modification bears the burden of showing the existence of a substantial change in the circumstances.' *Jaser* v. *Jaser*, 37 Conn. App. 194, 204, 655 A.2d 790 (1995)." *Shearn* v. *Shearn*, supra, 228.

## A

The plaintiff's first claim is that the trial court improperly applied the child support guidelines by permitting the defendant to deduct his entire contribution to the superannuation fund from his gross employment income. We agree.

Section 46b-215a-1 contains the definitions to be used in §§ 46b-215a-1 through 46b-215a-5 of the Regulations of Connecticut State Agencies. " 'Allowable deductions" means amounts subtracted from gross income to arrive at net income. Such amounts are computed on a weekly basis and are limited to the following . . . (B) social security taxes or, in lieu thereof, mandatory retirement plan deductions for an amount not to exceed the maximum amount permissible under social security." Regs., Conn. State Agencies § 46b-215a-1 (1) (B).

---

[8] General Statutes § 46b-86 provides in relevant part: "(a) Unless and to the extent that the decree precludes modification, any final order for the periodic payment of . . . support . . . may at any time thereafter be . . . modified by said court upon a showing of a substantial change in the circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines established pursuant to section 46b-215a . . . . Modification may be made of such support order without regard to whether the order was issued before, on or after May 9, 1991. . . ."

In accord with the tenets of statutory construction, we attribute the plain meaning to the words of a statute or regulation. See *Bittle* v. *Commissioner of Social Services*, 48 Conn. App. 711, 714, 711 A.2d 1198, cert. granted on other grounds, 245 Conn. 922, 717 A.2d 237 (1998). In his original brief to this court, the defendant defined superannuation as the Australian equivalent of our social security.[9] The support guidelines do not permit the defendant to deduct more than the maximum amount withheld pursuant to our social security laws.[10] Because the trial court permitted the defendant to deduct the full amount of his superannuation contribution[11] from his gross income, which is more than the amount allowed by the support guidelines, the trial court misapplied the support guidelines.[12]

B

The plaintiff also claims that the trial court misapplied the support guidelines by permitting the defendant to deduct the value of his employer provided automobile from his gross income. We agree with this claim as well.

[9] During his argument before the trial court on the defendant's motion to modify, the defendant's counsel described some of the itemized deductions thus: "The federal—I call it federal income tax, but it's the Australian tax, is the $282.45 that's automatically withheld from his pay, plus the tax on the dividends of $153.65. That's where I get $2,236.10. The $664.61, which is delineated in this country as social security tax, is the superannuation tax that's taken out of his pay."

[10] See 26 U.S.C. § 3101 (b) (with respect to wages received after December 31, 1989, rate shall be 6.2 percent for old age, survivors and disability insurance; with respect to wages received after December 31, 1985, rate shall be 1.45 percent for hospital insurance); see 42 U.S.C § 430 (maximum wages taxable and maximum annual contributions).

[11] The defendant deducted his superannuation contribution of $664.61 from his weekly gross income.

[12] If the defendant's employer makes no contribution to the superannuation fund or contributes an amount that is less than equal to the amount the defendant contributes, the trial court shall permit the defendant to deduct from his gross income the amount an employer in the United States would be required to contribute less any contribution from the defendant's Australian employer.

" 'Gross income' means the average weekly income before deductions. (A) Inclusions . . . (xii) in-kind compensation (any basic maintenance or special need such as food, shelter, or *transportation* provided on a recurrent basis in lieu of salary)." (Emphasis added.) Regs., Conn. State Agencies § 46b-215a-1 (11). Again, we apply the tenets of statutory construction. See *Bittle* v. *Commissioner of Social Services*, supra, 48 Conn. App. 714. "Here, the regulation, which provides for the inclusion of in-kind contributions, is unambiguous." *Shearn* v. *Shearn*, supra, 50 Conn. App. 232. The defendant's employer provides the defendant with the use of an automobile, the value of which the defendant properly included in his gross income. Section 46b-215a-1 (1) sets forth the deductions permitted to be taken from the defendant's gross employment income. In-kind compensation is not one of the deductions permitted by § 46b-215a-1 (1). The trial court, therefore, improperly permitted the defendant to deduct the value of his employer provided automobile from his gross income.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.