[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANT'S MOTION TO STRIKE AND MOTION TO SUPPLEMENT RECORD
The defendant moves to strike the second, third, fourth and sixth counts of the plaintiff, Allen E. Homer's six count, second amended complaint. In the first count of the second amended complaint, the plaintiff alleges that the plaintiff entered into a contract of employment ("employment contract") with the defendant, the City of Waterbury, for a term commencing on November 7, 1994, and ending on November 6, 1997, and that the entire Civil Service Rules and Regulations of the City of Waterbury were made part of the contract. The plaintiff alleges that he was informed by then Mayor Edward D. Bergin, CT Page 5958 Jr. ("Bergin"), that the plaintiff's primary responsibility of employment would be to review the City of Waterbury's audit procedures, and, once approved, to develop an audit plan and institute that plan. The plaintiff alleges that he executed his employment duties without incident from November 1994 through January 1996, and that he developed an audit plan for the City of Waterbury which was approved by the Board of Finance. The plaintiff alleges that he was not informed of any change to the audit plan or of any changes to directives given to the plaintiff by Bergin before February 15, 1996. He further alleges that he was not expected by Bergin's successor, defendant Mayor Philip A. Giordano ("Giordano"), to personally perform comprehensive audits of the City of Waterbury's departments. Homer has never received any written warnings regarding his employment performance.
The plaintiff further alleges that, as part of his duties as Audit Director, he received written index cards that indicated the salaries that Giordano intended to pay mayoral appointees ("rate cards"). Prior to February 15, 1996, the plaintiff noted that: five of the rate cards requested salaries in excess of the amount budgeted for that fiscal year. Plaintiff verbally communicated to Giordano that at least one of the rate cards reflected a salary in excess of the budgeted amount for that position, and that he therefore refused to authorize the rate of pay. The plaintiff alleges that he struck out the salaries in excess of the budget on the other rate cards, inserted the budgeted salaries, and initialed the revised rate cards. The plaintiff alleges that these revised rate cards were returned to the plaintiff's office prior to February 15, 1996. The plaintiff further alleges that on February 15, 1996, the City of Waterbury Board of Finance, chaired by Giordano, voted to suspend the plaintiff from employment with pay. The Board of Finance also requested that the Civil Service Commission recommend to the Board of Alderman that the plaintiff's employment contract be terminated because of the non-performance of the duties and responsibilities of the plaintiff's position. The plaintiff alleges that the Civil Service Commission commenced termination hearings for the plaintiff ("termination hearings") on March 14, 1996, and voted in favor of recommending to the Board of Alderman that the plaintiff's employment be terminated for cause on October 9, 1996. The plaintiff alleges that the Board of Ethics of the City of Waterbury reviewed the Civil Service Commission's determination, and unanimously voted against termination of the plaintiff's employment contract on July 1, 1997. The plaintiff alleges that the City of Waterbury breached the employment contract with the plaintiff.
In the second count of the second amended complaint, the plaintiff alleges that the City of Waterbury breached the covenant of good. faith and fair dealing of the employment contract when it sought to terminate CT Page 5959 the plaintiff without reasonable cause. In the third count of the second amended complaint, the plaintiff alleges that Giordano tortiously interfered with the plaintiff's employment contract by initiating the termination hearings. In the fourth count of the second amended complaint, the plaintiff alleges that Giordano violated General Statutes § 52-568 because Giordano acted with malicious intent to unjustly vex and trouble the plaintiff because the plaintiff was hired by a previous mayoral administration, and because the plaintiff questioned the salaries that Giordano proposed to pay his political appointees. In the sixth count of the second amended complaint, the plaintiff alleges that the City of Waterbury and Giordano violated General Statutes §31-51m because the plaintiff was suspended for his refusal to sign the rate cards with salaries in excess of the budget, and that Giordano's attempt to secure salaries in excess of the budget was unethical, an abuse of the Giordano's political powers, and represented mismanagement of the mayoral office.
The city of Waterbury and Giordano move to strike the second, third, fourth, and sixth counts of the second amended complaint.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998).
In ruling on a motion to strike, the role of the trial court is "to examine the [complaint], construed in favor of the plaintiffs, to determine whether the plaintiffs have stated a legally sufficient cause of action." Napoletano v. Cigna Healthcare of Connecticut, Inc.,238 Conn. 216, 232-33, 680 A.2d 127 (1996). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RKConstructors, Inc. v. Fusco Corp., 231 Conn. 381, 383 n. 2, 650 A.2d 153
(1994). Yet, "the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autuori,236 Conn. 820, 825, 676 A.2d 357 (1996). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citation omitted.) PamelaB. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998). "Practice Book . . . § 10-39, allows for a claim for relief to be stricken only if the relief sought could not be legally awarded." Id., 325.
The City of Waterbury argues that the second count should be stricken CT Page 5960 because the plaintiff's claim of a breach of the covenant of good faith and fair dealing does not properly allege that the reasonable expectations of the parties under the contract were not fulfilled. "Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement." Gaudio v.Griffin Health Services Corp., 249 Conn. 523, 564, 733 A.2d 197 (1999). "The implied covenant of good faith and fair dealing requires faithfulness to an agreed common purpose and consistency with the justified expectation of the other party in the performance of every contract. . . . Essentially it is a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended. The principle, therefore, cannot be applied to achieve a result contrary to the clearly expressed terms of a contract, unless, possibly, those terms are contrary to public policy." (Citations omitted; internal quotation marks omitted.) Southbridge Assoc. v.Garofalo, 53 Conn. App. 1, 16, ___ A.2d ___ (1999), citing Magnan v.Anaconda Industries, Inc., 193 Conn. 558, 556-57, 479 A.2d 781 (1984). In the second count, the plaintiff alleges that the City of Waterbury breached the covenant of good faith and fair dealing of the plaintiff's employment contract when the City of Waterbury sought to terminate the plaintiff's employment without reasonable cause. In Magnan v. AnacondaIndustries, Inc., supra, 193 Conn. at 571, the Supreme Court declared that "[w]e decline the invitation of the plaintiff to transform the requirement of good faith into an implied condition that an employee may be dismissed only for good cause." Because count two of plaintiff's complaint relies solely on the allegation that his discharge violated the covenant of good faith and fair dealing because of the absence of good cause, it fails to state a complaint upon which relief can be granted. Accordingly, count two is stricken.
Giordano argues that the third count should be stricken because a party to a contract cannot be held liable for tortious interference with that contract. "[Our Supreme Court] has long recognized a cause of action for tortious interference with contract rights. . . . The essential elements of such a claim include, of course, the existence of a contractual or beneficial relationship and that the defendant (s), knowing of that relationship, intentionally sought to interfere with it; and as a result, the plaintiff claimed to have suffered actual loss."Appleton v. Board of Education, 53 Conn. App. 252, 267, 730 A.2d 88
(1999). In most circumstances, there can be no tortious interference with contractual relations by someone who is a party to the contract, either directly or indirectly, because "[t]he general rule is that the agent may not be charged with having interfered with a contract of the agent's principal. . . . [A]n agent acting legitimately within the scope of his authority cannot be held liable for interfering with or inducing CT Page 5961 his principal to breach a contract between his principal and a third party, because to hold him liable would be, in effect, to hold the corporation liable in tort for breaching its own contract . . . [the agent, however,] could be held liable for such interference or inducement if he did not act legitimately within his scope of duty but used the corporate power improperly for personal gain." (Citations omitted; internal quotation marks omitted.) Id.
While a claim of tortious interference may lie against Giordano in his capacity as agent for the City of Waterbury, count three of plaintiff's complaint fails to properly allege that Giordano "did not act legitimately within his scope of duty but used the corporate power improperly for personal gain." Id. The defendant's motion to strike the third count of plaintiff's amended complaint is therefore granted.
Giordano further asserts that count four should be stricken because the plaintiff has not alleged the elements to support a claim of a vexatious lawsuit under General Statutes § 52-568.[1] "We have held that: a claim for vexatious litigation requires a plaintiff to allege that the previous lawsuit was initiated maliciously, without probable cause, and terminated in the plaintiff's favor." (Citations omitted.) Zeller v. Consolini, 235 Conn. 417, 424, 666 A.2d 64 (1995). "We have also recognized that, for purposes of the tort of vexatious litigation, the previous litigation that terminated in the plaintiff's favor may be an administrative, rather than a judicial, proceeding." Id. Giordano correctly observes that the plaintiff has failed to allege that Giordano acted without probable cause. In the absence of this necessary allegation plaintiff's fourth count fails to properly allege a cause of action for vexatious litigation, and, accordingly, must be stricken.
The City of Waterbury and Giordano finally argue that count six should be stricken because the plaintiff does not allege the conditions precedent necessary to set forth a claim pursuant to General Statutes § 31-51m, the so-called whistle blower statute. The defendants assert that in order to properly make a claim of retaliation under General Statutes § 31-51m the plaintiff must allege that he was engaged in a protected activity, that he was subsequently discharged, and that there is a causal connection between the protected activity and the discharge. See LaFond v. General Physics Services Corp.,50 F.3d 165, 173 (2d Cir. 1995) General Statutes § 31-51m (b) provides: "No municipal employer shall discharge, discipline or otherwise penalize any employee because the employee, or a person acting on behalf of the employee, reports, verbally or in writing, to a public body concerning the unethical practices, mismanagement or abuse of authority by such employer." CT Page 5962
The defendant argues that the plaintiff's discussions with Giordano concerning the discrepancy in the rate cards, and his subsequent refusal to sign them, does not constitute reporting of "mismanagement, unethical practices or abuse of authority to a public body" as required by the statute. While plaintiff has not recited the precise words of the statute, fairly construed, they adequately constitute an allegation that the provisions of § 31-51m have been breached.
Finally, the defendant also argues that because the plaintiff was not discharged from employment, but rather suspended with pay and thereafter reinstated, the allegations of count six are insufficient because they do not allege that the plaintiff was "discharged, disciplined or otherwise penalized." Given the remedial purpose of § 31-51m, and the legislative purpose of protecting public employees who are at risk of retaliation for reporting "mismanagement, unethical practices or abuse of authority", plaintiff's allegation that he was suspended with pay and forced to expend substantial time and money defending himself is sufficient to state a cause of action under 31-51m. Defendant's motion to strike count six is therefore denied.
Accordingly, the defendant's motion to strike the second, third and fourth counts of plaintiff's amended complaint is granted.
The defendant's motion to supplement the record is denied. Whether the Civil Service Commission constitutes a personnel appeal board is a question of law.
SO ORDERED.
ROBERT L. HOLZBERG, J.