[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #116 OBJECTION TO MOTION FOR SUMMARY JUDGMENT
The plaintiff alleges in its complaint that on April 2, 1999, the defendant, City of West Haven, was the plaintiff's employer and maintained automobile insurance with self-insured retention limits of CT Page 269 fifty thousand dollars ($50,000.00). On the aforementioned date, the plaintiff, a West Haven police officer was operating a vehicle owned by the defendant. At approximately one twenty in the morning plaintiff was involved in a motor vehicle accident caused by the negligence of another individual. Said individual had insurance coverage in the amount of twenty thousand dollars ($20,000.00). The plaintiff settled his claim against the tortfeasor, thereby exhausting the said tortfeasor's automobile liability insurance limits. Plaintiff then gave the defendant notice of the same. Plaintiff asserts that his damages are in excess of the aforementioned insurance policy limits. He further asserts that the defendant's self-insured retention limits for the underinsured coverage are in excess of the tortfeasor's insurance limits. The plaintiff has made claim to the defendant for the difference between his damages and the tortfeasor's insurance limits.
In addition to the foregoing, the plaintiff alleges that on or about April 2, 1999, the defendant, West Haven carried a policy of automobile liability insurance with the defendant Coregis Insurance Company. Said policy provided that the defendant West Haven had a self insured retention of fifty thousand dollars ($50,000.) and the defendant Coregis provided an additional nine hundred fifty thousand dollars ($950,000.) in coverage limits. The defendant also alleges that the underinsured motorist coverage limits are of the same amount as the liability portion of said policy.
On July 18, 2001, the defendant City of West Haven filed a Motion for Summary Judgment said motion provides that:
 1) The City does not have an obligation to provide underinsured motorist benefits for an authorized emergency vehicle; and
 2) Alternatively, the available insurance coverage from the tortfeasor's policy is equal to or greater that the coverage that the City of West Haven is required to provide
Section 17-45 of the Connecticut Practice Book concerns the proceedings for motions for summary judgment. It provides that:
 A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. The motion shall be placed on the short calendar to be held not less than fifteen days CT Page 270 following the filing of the motion and the supporting materials, unless the judicial authority otherwise directs. The adverse party [prior to the day the case is set down for short calendar] shall at least five days before the date the motion is to be considered on the short calendar file opposing affidavits and other available documentary evidence. Affidavits, and other documentary proof not already a part of the file, shall be filed and served as are pleadings.
Before addressing the merits of the defendant's motion, a brief review of the standards for the granting of a Motion for Summary Judgment is necessary:
 "Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Orkney v. Hanover Ins. Co., 248 Conn. 195, 201, 727 A.2d 700
(1999).
QSP, Inc. v. The Aetna Casualty Surety Co., 256 Conn. 343, 351 (2001).
 A "material fact" is a fact that will make a difference in the result of the case. See Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). The facts at issue are those alleged in the pleadings. See Plouffe v. New York, N.H HR. Co., 160 Conn. 482, 489, 280 A.2d 359 (1971). The party seeking summary judgment "has the burden of showing the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980).
Norse Systems, Inc. v. Tingley Systems, Inc., 49 Conn. App. 582, 590
(1998).
The defendant City of West Haven asserts at the time of the accident that plaintiff was driving a police car and that a police car is an "authorized emergency vehicle. It further asserts that it does not have CT Page 271 an obligation to provide underinsured motorist benefits for this type of vehicle.
Chapter 246 of the Connecticut General Statutes concerns motor vehicles. Subsection 14-1 concerns the definition of words used in said chapter subsection 14-a(a) C.G.S. provides as follows:
 (a) Terms used in this chapter shall be construed as follows, unless another construction is clearly apparent from the language or context in which the term is used or unless the construction is inconsistent with the manifest intention of the General Assembly:
 . . . (4) "Authorized emergency vehicle" means (A) a fire department vehicle, (B) a police vehicle or (C) a public service company or municipal department ambulance or emergency vehicle designated or authorized for use as an authorized emergency vehicle by the commissioner . . . (emphasis added)
Section 38a-334 of the Connecticut General Statutes concerns "minimum provisions in automobile liability policies. Subsection 38a-334 (a) provides in pertinent part that:
 The Insurance Commissioner shall adopt regulations with respect to minimum provisions to be included in automobile liability insurance policies issued after the effective date of such regulations and covering private passenger motor vehicles, as defined in subsection (e) of section 38a-363 . . .
Section 38a-363 provides in pertinent part that:
As used in sections 38a-19 and 38a-363 to 38a-388, inclusive:
 (e) "Private passenger motor vehicle" means a: (1) Private passenger type automobile; (2) station-wagon-type automobile; (3) camper-type motor vehicle; (4) high-mileage-type motor vehicle, as defined in section 14-1; (5) truck-type motor vehicle with a load capacity of fifteen hundred pounds or less, registered as a passenger motor vehicle, as defined in said section, or as a passenger and commercial motor vehicle, as defined in said section, or used for farming purposes; or (6) a vehicle with a CT Page 272 commercial registration, as defined in subdivision (12) of said section. It does not include a motorcycle or motor vehicle used as a public or livery conveyance.
There is a recent case in which the issue of what constitutes a "private passenger vehicle was discussed by our Supreme Court. Willoughbyv. New Haven, 254 Conn. 404 (2001). Willoughby, Id., involved an accident between an underinsured motorist and a fire truck owned and operated by the City of New Haven. The Court in this matter found that a fire truck as not a private passenger vehicle under the provisions of § 38a-334.
In the current situation, the vehicle in question is a West Haven police cruiser. The make and model of said vehicle is a 1996 Ford Crown Victoria (see Affidavit of John Serra, dated July 31, 2001 at paragraph 3). The affiant further states that this particular vehicle is similar to the make and model of vehicle that is available for sale to the general public.
Subsection 38a-334 (a) C.G.S. concerns among, among others vehicles "[p]rivate passenger type automobile[s]". As was stated by the affiant, Serra, at the time that he sustained injuries, the car that he was driving was a Ford Crown Victoria which is similar to the make and model of vehicle that is available for sail to the general public. The defendant has raised the issue that the vehicle is used as an emergency vehicle and therefore it is not covered by the provisions of the subject statute. However the statute clearly covers not only private passenger vehicles, but private passenger type motor vehicles. The fact that the vehicle was used exclusively as an emergency vehicle does not exempt it from the provisions of the statute for reason that such use change the type of vehicle that it is.
 Connecticut statutes must be read in accordance with the plain language that is set forth in them. Donner v. Kearse, 234 Conn. 660, 670, 662 A.2d 1269 (1995).
 Bittle v. Commissioner of Social Services, 48 Conn. App. 711, 714 (1998).
 It is a basic tenet of statutory construction that the legislature "did not intend to enact meaningless provisions." Turner v. Turner, 219 Conn. 703, 713, 595 A.2d 297 (1991). Accordingly, care must be taken to effectuate all provisions of the statute. See Pintavalle v. Valkanos, 216 Conn. 412, 418, 581 A.2d 1050
(1990) ("[a] statute should be read as a whole and interpreted so as to give effect to all of its CT Page 273 provisions"); Hopkins v. Pac, 180 Conn. 474, 476, 429 A.2d 952 (1980) (it is a "well established principle that statutes must be construed, if possible, such that no clause, sentence or word shall be superfluous, void or insignificant").
 Bridgeport Hospital v. Comm. on Human Rights Opp., 232 Conn. 91, 100
— 101 (1995).
Reading the statute as a whole and giving the words their ordinary meaning, this Court comes to the conclusion that the provisions of §38a-334 of the Connecticut General Statutes cover the subject vehicle. The Court therefore also comes to the conclusion that the plaintiff City of West Haven does have an obligation to provide at least the minimum provisions of uninsured/underinsured motorist benefits for the vehicle that is the subject of this action despite the fact that it is an emergency vehicle pursuant to the provisions of § 38a-334 C.G.S.
As to the second issue raised by the defendant, City of West Haven, i.e., that "the available insurance coverage from the tortfeasor's policy is equal to or greater that the coverage that the City of West Haven is required to provide." The plaintiff asserts that the City of West Haven cannot limit the underinsured/uninsured motorist coverage on the motor vehicle that the plaintiff was operating for reason that the City did not comply with the procedures outlined in § 38a-336 (a)(2) of the Connecticut General Statutes. Section 38a-336 of the Connecticut General Statutes concerns "uninsured and underinsured motorist coverage". Subsection 38a-336 (a)(2) provides that:
 Notwithstanding any provision of this section to the contrary, each automobile liability insurance policy issued or renewed on and after January 1, 1994, shall provide uninsured and underinsured motorist coverage with limits for bodily injury and death equal to those purchased to protect against loss resulting from the liability imposed by law unless any named insured requests in writing a lesser amount, but not less than the limits specified in subsection (a) of section 14-112. Such written request shall apply to all subsequent renewals of coverage and to all policies or endorsements which extend, change, supersede or replace an existing policy issued to the named insured, unless changed in writing by any named insured. No such written request for a lesser amount shall be effective unless any named insured has signed an informed consent form which shall contain: (A) An CT Page 274 explanation of uninsured and underinsured motorist insurance approved by the commissioner; (B) a list of uninsured and underinsured motorist coverage options available from the insurer; and (C) the premium cost for each of the coverage options available from the insurer. Such informed consent form shall contain a heading in twelve-point type and shall state: "WHEN YOU SIGN THIS FORM, YOU ARE CHOOSING A REDUCED PREMIUM, BUT YOU ARE ALSO CHOOSING NOT TO PURCHASE CERTAIN VALUABLE COVERAGE WHICH PROTECTS YOU AND YOUR FAMILY. IF YOU ARE UNCERTAIN ABOUT HOW THIS DECISION WILL AFFECT YOU, YOU SHOULD GET ADVICE FROM YOUR INSURANCE AGENT OR ANOTHER QUALIFIED ADVISER"
The plaintiff's specific allegation concerning the defendant, city of West Haven's lack of compliance with the statute is that the city never filed a written request for reduced underinsured/uninsured motorist coverage. The defendant, city of West Haven cites the case of Boynton v.New Haven, 63 Conn. App. 815 (2001) for the proposition that the city does not have to give the notice required in § 38a-336 (a)(2). InBoynton the plaintiff attempted to collect uninsured motorist benefits from the city of New Haven. The defendant, city asserted that it only was required to provide the minimum coverage pursuant to § 38a-336 (a)(2) C.G.S. As in the case at bar the plaintiff asserted that the City could not take advantage of the statutory provision for reasons that the city had not followed the procedures outlined in § 38a-336 (a)(2) concerning a written request for reduced underinsured/uninsured motorist coverage. The Court held that the city was not required to make such written request:
 . . . [T]he plaintiff argues that the city could not avail itself of the statutory minimum because it had failed properly to document, in writing, its intention to do so. In 1993, § 38a-336 (a)(2) allowed commercial insurers to limit their liability, and thereby to reduce insurance premiums, upon the written request of the insured. It is undisputed that, in 1993, the city had not filed any such written request.
 We disagree with the plaintiff's argument because, under the circumstances of this case, it would make no sense for us to apply the written request requirement literally. "[U]pon electing to become a self-insurer, [the city] not only became an insurer . . . but also, the functional equivalent of a `named insured'. . . ." CT Page 275 (Citation omitted.) Conzo v. Aetna Ins. Co., supra, 243 Conn. 683. A literal reading of the statute would have required the city, wearing its hat as insured, to file a written request with itself, wearing its hat as insurer. That reading is untenable.
 Boynton, Id at 828.
The plaintiff asserts that the Boynton case is distinguishable from the case at bar for reason that Boynton is based on the law as it existed for insurance policies in effect before 1994. The plaintiff further asserts that the Connecticut legislature subsequently amended the subject statute and now a municipality must follow the specific procedure outlined in § 38a-336 (a)(2). This Court disagrees with this distinction for the same reason that it was rejected by the Appellate Court in Boynton, i.e., it would make no sense to apply the written request literally, for reason that it would then require the city to give written notice to itself.
The plaintiff raises an interesting issue concerning whether or not the defendant, city of West Haven is actually self insured in light of the fact that it has a nine hundred and fifty thousand dollar ($950,000.) insurance policy with a self insured retention that covers underinsured and uninsured motorists. It is undisputed that the policy was in effect at the time of the accident that is the subject of this litigation.
The plaintiff in this matter essentially argues that the excess insurance policy should be construed as an automobile liability insurance policy for the purposes of § 38a-336 C.G.S. However, after reviewing the language in the documentation provided by the plaintiff in support of its objection to motion for summary judgment this court concludes otherwise. The declaration page of the policy at issue provides in pertinent part, that it is a general liability excess policy with a self-insured retention of fifty thousand dollars ($50,000.) per occurrence. In light of the type of policy that is at issue, it may not be construed as an automobile liability policy for the purposes of §38a-336 C.G.S. Curran v. Aetna Casualty Surety Co., 222 Conn. 657
(1992).
In conclusion, the court finds the as follows as a matter of law:
1) There are no genuine issues of material fact; and
 2) The vehicle driven by the tortfeasor was covered by an automobile liability policy with a limit of twenty thousand dollars ($20,000.); and
CT Page 276
 3) The plaintiff exhausted the insurance policy on the tortfeasor's vehicle; and
 4) The vehicle that driven by the plaintiff was a private passenger type motor vehicle within the provisions of § 38a-363 of the Connecticut General Statutes; and
 5) The vehicle driven by the plaintiff was subject to the provisions of § 38a-334 of the Connecticut General Statutes; and
 6) The city is required to provide at least the minimum coverage for uninsured and underinsured motorists pursuant to § 38-336 of the Connecticut General Statutes; and
 7) The city was not required to give notice in writing pursuant to § 38a-336 (a)(2) of the Connecticut General Statutes; and
 8) The city is a self-insured entity. The fact that it had a nine hundred fifty thousand dollar ($950,000.) excess insurance policy with a self insured retention of fifty thousand dollars ($50,000.) does not void said status in the current situation.
The city of West Haven is required to provide at least the minimum coverage for uninsured and underinsured motorist. However, in the current situation, the plaintiff has already recovered this amount from the tortfeasor who allegedly caused his damages. This recovery forecloses his access to further recovery from the city.
The objection to the motion for summary judgment is overruled, summary judgment may enter for the defendant in accordance with the foregoing. So ordered.
Richard A. Robinson, J. January 8, 2002